# THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA;

CONTINUATION OF

JUNE TERM, 1836.

---

CLARK *VS* CLARK.

4p 9|
99 116|

*As to equity jurisdiction, as to agreements between, late copartners.*

1. Where two, being partners in business, after a dissolution, entered into an agreement under seal stipulating by a penalty, an observance of certain conditions—held, on a bill filed by one of the parties, that Chancery had no jurisdiction to enforce the performance of the agreement by one,—the bill alleging no fraud, or desire of a rescission of the agreement, and the remedy of the party being clear at law.

Error to the Circuit Court of Lauderdale, exercising Chancery jurisdiction.

In this case, a bill was filed in Chancery by John C. Clark against Marshall Clark, for an account, under a copartnership agreement. These were the facts disclosed by the record.

On the tenth day of August, 1825, John C. Clark

4P                    2

entered into a copartnership agreement, for the purpose of carrying on a mercantile business with Marshall Clark, John Simpson, and Thomas Simpson; the entire interest in which was afterwards vested in John C. and Marshall Clark by the withdrawal of the Simpsons. The said John C. and Marshall Clark continued to transact the business of the firm until the sixteenth day of October, 1828, when the copartnership was dissolved; and upon its dissolution, an agreement was entered into between them in the words following, to wit:

"Articles of agreement made and entered into this fifteenth day of January, in the year eighteen hundred and twenty-nine, between Marshall Clark of the one part, and John C. Clark of the other part, formerly merchants and copartners in trade, trading under the style and firm of M. Clark & Co., all of the town of Florence, and State of Alabama, as follows : Marshall Clark agrees to relinquish, and does hereby relinquish, to John C. Clark, all his right, title, claim, and interest, in the business of the late firm of M. Clark & Co., both at Moulton and Florence ; and to all notes which belong to the firm of M. Clark & Co., and to all accounts and claims which are due upon the books of said firm, and to all profits, or interest, which he may, at any time, be entitled to as partner in said firm. Marshall Clark further relinquishes, to the said John C. Clark, all right and title whatsoever to lot number eighty-one, in the town of Florence, or to any claim on account of the improvements which are made thereon : In consideration whereof, the said John C. Clark releases, discharges, and forever agrees to secure, and does here-

by release, discharge and secure the said Marshall Clark from all liability for any of the debts, or demands which may at this time exist or remain outstanding against the said firm of Marshall Clark & Co., and which have been contracted in the regular way of business, and from all liability to the said John C. Clark for any losses of any kind which the said firm of Marshall Clark & Co. may have, or may hereafter sustain; he further binds and obligates himself to satisfy the debts, and settle the business of the late firm of Marshall Clark & Co., without any recourse upon the said Marshall, or holding him in any manner liable to the said firm of Marshall Clark & Co. as a partner in said firm, or on account of his private account upon the books of said firm. The said John C. Clark, further agrees to take upon himself, and to be responsible for all the contracts made by Marshall Clark with different mechanics, for building a house and making improvements upon the lot number eighty-one, in the town of Florence; and hereby binds and obligates himself to pay all debts, contracts, in making said improvement, and forever discharge the said Marshall Clark from all liability upon said contracts; he further agrees to allow to the said Marshall Clark the sum of sixty-four dollars, it being the amount paid by him to P. Andrews for board, while attending to the business of Marshall Clark & Co.

" And for the performance of all and every of the articles and agreements above mentioned, the said Marshall Clark and John C. Clark, do hereby bind themselves, their executors, administrators, and assigns, each to the other, in the penal sum of one

thousand dollars, firmly by these presents. In witness 'whereof, the parties have hereunto set their hands and seals, the day and year aforesaid.

                " MARSHALL CLARK, (Seal.)
                " JOHN C. CLARK, (Seal.)
"Signed and sealed in the presence of
     " JOHN SIMPSON,
     " WILLIAM FULTON."

The bill alleged, that complainant, when the above agreement was complete, entertained a full belief, that the said Marshall Clark would honestly perform his part thereof, by relinquishing to complainant all the notes, claims, demands, and debts, in his posession, due and owing to the said firm of J. C. & M. Clark; but the said Marshall did not honestly account with orator as in good faith he should; but refused to deliver all the accounts and claims aforesaid, as bound to do in the agreement. Orator therefore prayed relief. Marshall Clark and the Simpsons having filed their several answers; and a voluminous collection of interrogatories being taken, —all, only setting forth extensive details of the co-partnership concerns;—after an account taken by the Master, the cause came up for hearing, and the bill was dismissed by the Chancellor.

*P. Anderson* for plaininff in error.
*Ormond*, contra.

HOPKINS, J.—In this case, the parties had been partners in the mercantile business. Several months after the partnership had been dissolved, they made

an agreement, under their seals, which required the plaintiff in error to pay all the demands due, or to become due, from their late firm; exclusively to bear all its losses; to discharge the defendant from his private account upon the books of the firm; and to pay the debts which Marshall Clark had contracted, for making some improvements on a lot in the town of Florence—the right to which was relinquished by the defendant in the agreement to John C. Clark. The defendant relinquished, also, to the plaintiff, by the agreement, all his interest in the business of the late firm—his right in all the notes that belonged to it—to a share of the profits, and to all accounts which were due upon the books of the firm.

The bill, in the case, was filed by John C. Clark, upon the ground that the defendant had not delivered to him all the notes, accounts, effects, and deeds, which belonged to the firm; and prayed that the defendant might be decreed to account for the amount of the sales made by the firm; of the merchandize which had belonged to it, according to the books of the firm; and to pay the deficiency between such amount, and that which the complainant had received.

It is not the object of the plaintiff in error to rescind the agreement. He does not allege that the defendant obtained it by fraud; nor are there allegations of his insolvency; and that he would, if not restrained by the exercise of the power of a Court of Equity, collect the notes and accounts of the late firm.

For any violation of the agreement, he is clearly entitled to a legal remedy; and the bill states nothing

to show that the remedy at law would not be as effectual as any which a Court of Equity could afford.

By the agreement, each party is bound to the other in the penal sum of one thousand dollars, for the performance of every thing required of him. If the penalty be less than the sum at which the plaintiff estimates his damages, *the same rule of law* that determines the question, whether any sum beyond the penalty can be recovered, is recognised by a Court of Chancery.[a]

a 1 Powell on Mortg. Rands ed. 15 note L. 355,note 2.

We are of opinion that the bill was properly dismissed for want of jurisdiction.

Let the decree be affirmed.