## HULSE *et al.* *v.* HULSE *et al.*

### (*Supreme Court, Special Term, Steuben County.*  January 12, 1889.)

1. PARTITION—BY WHOM AND IN WHAT—ADVERSE POSSESSION.
    As the possession of one tenant in common is presumed to be that of all, the bare allegation by defendants, in an action brought by co-heirs for partition, that they are sole seised, and hold adversely to plaintiffs, unsupported by evidence, will not defeat a recovery under Code Civil Proc. N. Y. § 1532, authorizing such actions to be maintained by one or more tenants in common against his or their co-tenants.

2. SAME—UNPAID DEBTS OF ANCESTOR.
    The confirmation of a referee's report in favor of a sale of the land in such an action will not be refused because it does not affirmatively appear that the ancestor left no debts unpaid, though the three years have not elapsed since letters of administration were issued, within which an action may be brought to charge the land for the decedent's debts, when no such question has been raised by the pleadings, or at the trial before the referee.

3. SAME—IMPROVEMENTS.
    Where the answer sets up no claim for improvements made on the land, and it appears that what improvements defendant made were made while in possession during the life-time of the ancestor, an exception to the referee's report, based on his disallowance of such claim, should be overruled.

At chambers. Motion to confirm referee's report.

Action by Benjamin Hulse and others against Samuel Hulse and another for the partition of land.

*F. H. Robinson,* for plaintiffs.   *A. M. Burrell,* for defendants.

BRADLEY, J. The complaint alleged title to the premises in question in the ancestor of the parties at the time of his death, and that the plaintiffs and defendants (other than those having an alleged estate in dower present and inchoate) were his heirs, and as such tenants in common. The answer of the defendant Samuel Hulse puts in issue the allegation of such tenancy in common, and alleged title in himself by virtue of a contract of sale to him by such ancestor. The referee has found against the defendant on those issues, and, because a partition of the premises cannot be had without great prejudice to the interests of the parties. he has directed a sale and the distribution between the parties of the proceeds, etc. For the purpose of this motion it is assumed that the conclusions of the referee upon the issues of fact were supported by the evidence.

The question of title was properly the subject of trial in the action. Code Civil Proc. § 1543. It is, however, contended on the part of the defense that the possession of the premises was at the time of the commencement of this action held by the defendant Samuel Hulse adversely to the plaintiffs, and that they were therefore not in possession as tenants in common. If this proposition is supported, the plaintiffs were in no situation to

bring or maintain the action. Id. § 1532; *Sullivan* v. *Sullivan*, 66 N. Y. 37. This contention of the defendant is based upon the alleged fact that he had the title derived from such contract of sale. The mere allegation of such fact in the answer is not sufficient to establish adverse possession, and to deny to the plaintiffs the relation of tenancy in common. The title in the common ancestor, of whom the parties were heirs, was presumptively, on his death, vested in them as tenants in common, and the possession following of one of the heirs would not be deemed hostile to that of the others, but the contrary, until established by evidence. 4 Kent, Comm. 370. Adverse possession, to be effectual as such, must be open and unequivocal, and so notoriously hostile as to be productive of ouster of the co-tenants before they are denied the right of action for partition, and put to that of ejectment. *Culver* v. *Rhodes*, 87 N. Y. 348; *Wainman* v. *Hampton*, 110 N. Y. 429, 18 N. E. Rep. 234. The claim that the plaintiff heirs were excluded from the possession by the hostility of that of the defendant is not sustained, so far as appears by the facts represented here; and for the purposes of the question of the right of the plaintiffs to maintain the action the possession of the defendant must, in accordance with the presumption in such cases, be deemed in harmony with rights of the plaintiffs in that respect, and therefore possession of the defendant may be deemed as of all the tenants in common. *German* v. *Machin*, 6 Paige, 289.

It is also urged that the partition or sale of the premises cannot properly be directed until the matters of the estate of the decedent are finally settled, as there may be outstanding debts chargeable upon the land. This might be a question requiring some consideration if it appeared that the ancestor left debts unpaid, and that they exceeded the amount of his personal estate. But no such question was raised by allegation in the defendants' answer, nor does it here appear to have been presented upon the trial before the referee. There is therefore nothing here in support of that contention. There is no presumption that the decedent left any debts unpaid, or that his personal estate was insufficient to pay them, if he did. *Matthews* v. *Matthews*, 1 Edw. Ch. 565; *Prentice* v. *Janssen*, 79 N. Y. 478. In event of a sale pursuant to judgment it may concern the purchaser to inquire whether there are unpaid debts and a deficiency of personal property to pay them, because for the period of three years from the time letters are issued to the personal representative of the decedent he has the right to take proceedings to charge the real property left by him with the payment of debts, if any there be, which the personal estate is insufficient to pay. Code Civil Proc. § 2750; *Slocum* v. *English*, 2 Hun, 78; 62 N. Y. 494. And the right of creditors not parties to this action would not be affected by the judgment and sale pursuant to it. *Hall* v. *Partridge*, 10 How. Pr. 188. The purchaser may therefore, before completing his purchase, deem it advisable to have removed any doubt in that respect which may exist; and, while the fact that such three years have not expired may be prejudicial to the sale, there appears in it no recognized reason to justify the denial of the application for confirmation of the report and direction of the interlocutory judgment. The referee was not necessarily required to ascertain the situation of the personal estate, or whether any or what sums, if any, were due from the estate to creditors at large. If there is any occasion for delay in the sale on that account it is a matter for subsequent consideration upon such facts as may be presented in its support.

It is further contended that the defendant Samuel Hulse made permanent improvements for which he should have been and was not allowed by the referee. It is true that improvements made by a tenant in common upon premises may, under some circumstances, present equities in his behalf to be observed in an action for partition, (*Ford* v. *Knapp*, 102 N. Y. 135, 6 N. E. Rep. 283,) but no such claim is alleged in the answer, and nothing appears in the evidence or facts presented upon this application to justify any allowance to him

on that behalf. While there is evidence that he made some substantial repairs and improvements on the land, it does not appear to have been done after he became tenant in common with the plaintiffs, but the evidence tends to prove that they, or the most of them, may have been done while the ancestor was living and resided upon the premises, where the defendant then also resided. And, so far as related to such improvements then made, it was a matter between him and his father; and whether or not a claim in his favor was on that account created in the defendant's behalf against his father was dependent upon circumstances which do not appear upon this motion. The motion confirmed, and interlocutory judgment granted.