SPLIESS *v.* MEYER *et al.*

(*Supreme Court, General Term, First Department.* January 18, 1891.)

PARTIES IN PARTITION—DOWER RIGHTS.

Under Code Civil Proc. N. Y. §§ 1538, 1539, providing for making party to an action of partition a person having a right of dower in the property involved, and sections 1543–1546, providing for the trial and determination in such action of adverse claims of title or interest in the property, one who claims dower therein is a proper party defendant, although her right is denied by the complaint. Disapproving *Van Schuyver* v. *Mulford*, 59 N. Y. 426.

Appeal from special term, New York county.

Action by Lisette Spliess against Bertha Meyer and others, for partition. The defendant Bertha Meyer appeals from an interlocutory judgment overruling her demurrer to the complaint. Code Civil Proc. N. Y. § 1538, relating to parties in actions for partition, provides that "every person having a right of dower in the property, or any part thereof, which has not been admeasured, must be made a party to an action for partition;" and section 1539 provides: "The plaintiff may, at his election, make a tenant in dower * * * or other person having a lien or interest which attaches to the entire property a defendant in the action."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Briesen & Knauth,* (*Antonio Knauth,* of counsel,) for appellant. *Langbein Bros. & Langbein,* (*J. C. Julius Langbein,* of counsel,) for respondents.

DANIELS, J. The action is brought by the plaintiff, as one of the heirs at law of George Uehlinger, deceased, for the partition of his real estate. The complaint alleges that the defendant Bertha Meyer, calling herself Bertha Uehlinger, claims to be the widow of the deceased owner of the property, and entitled to dower therein. It is further averred that she is not the lawful widow of Uehlinger, and was never legally married to him, but, as administratrix, has collected and received the rents of his real estate. This defendant demurred to the complaint, on the ground that it fails to state facts constituting a cause of action against her; but it does appear from it that the plaintiff and two of the defendants were tenants in common of the real estate described in the complaint. and that this defendant claims to be entitled to an

estate in dower therein, which is a sufficient reason for making her a defendant. Code Civil Proc. §§ 1538, 1539. The fact that her right to dower in the premises may be controverted, and thereby result in an issue for its trial, would not justify her omission as a party; for the practice in actions of partition has been so far changed as to provide for the trial and determination of this as well as other classes of disputes concerning the title to the estate to be partitioned. Claims arising out of transactions connected with the same subject of action may now be united in the same action, whether they be legal, or equitable, or both. Id. § 484, subd. 9. The object is to provide for a complete determination of the controversy, and to clear it up entirely, so far as it is connected with the same subject; and that is the nature of the claim made for dower in this property by this defendant. It has also been particularly and further provided that adverse claims of title or interest in the property may be tried in the action of partition, (Id. § 1543;) and for that object a trial by jury has been provided, (Id. § 1544;) and the interlocutory judgment is required to declare the right, share, or interest of each party in the property, so far as the same shall be ascertained, and it must determine the rights of the parties therein, (Id. § 1546;) and for that determination this defendant is a necessary party. It could not be made without affording her an opportunity to be heard. These further and special provisions are consistent with no other conclusion than that the rights and interests of the different parties in the property were intended to be tried and defined in the action; for all the necessary modes of proceedings have been carefully supplied and directed to be followed for the attainment of that end. And so they have been regarded by the courts. *Hulse* v. *Hulse*, 5 N. Y. Supp. 747; *Brown* v. *Brown*, Id. 893; *Shannon* v. *Pickell*, 2 N. Y. St. Rep. 160. These changes, as they are now contained in the Code of Civil Procedure, and so far as they had previously been made by 3 Rev. St. (6th Ed.) p. 586, §§ 20–27, do not appear to have been brought to the notice of the court in the case of *Van Schuyver* v. *Mulford*, 59 N. Y. 426; and that authority cannot, therefore, be followed as controlling. But as the provisions of the statute have been made applicable, fully authorizing and requiring the settlement by trial of contested claims, they are imperative, and must be followed. This case is clearly within these changes in the law; and the judgment should be affirmed, with costs, but with liberty to the defendant to withdraw her demurrer and answer within 20 days, upon payment of the costs of the demurrer and of the appeal. All concur.