LA TOURETTE *et al. v.* DECKER *et al.*

(*Supreme Court, General Term, Fourth Department.* April, 1892.)

1. TENANTS IN COMMON—ADVERSE POSSESSION.
   Occupation by one of several tenants in common of the land owned in common is not sufficient proof of exclusive possession under an adverse title, so as to bar an action for partition.

2. MORTGAGEE—ASSIGNMENT—EVIDENCE.
   An assignment of a mortgage executed by a person, describing himself as "administrator of the estate of" the mortgagee, without proof of the death of the mortgagee, or that the assignor was her administrator, is not sufficient to prove ownership of the mortgage in the assignee.

Appeal from judgment on report of referee.

Action by Andrewette la Tourette and Ann la Tourette against Angeline Decker and others to set aside certain deeds as void and for partition of real estate. From a judgment entered in Broome county in favor of plaintiffs, defendant Angeline Decker appeals. Affirmed.

Defendant Angeline Decker claimed title by deed to the premises first mentioned therein. She also claimed to hold a mortgage upon the same. The referee held that the deed under which she claimed was void, because the grantor was of unsound mind at the time it was given, and refused to find that she was the owner of a mortgage on the premises. He directed judgment, adjudging that the premises be sold, and that the proceeds thereof, after paying certain debts, be divided between the parties according to their respective interests as found by him.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*S. Mack Smith,* for appellant. *E. C. Moody,* for respondents.

MARTIN, J. The appellant seeks a reversal of the judgment herein, only so far as it relates to the premises first described in the complaint. The grounds upon which it is sought are: (1) That, when the action was commenced, she had a hostile title, and was in actual possession, claiming the lands adversely; (2) that she held a mortgage on the premises, and her possession ought not to be disturbed until the mortgage is paid or its payment provided for.

The proof in this case is such as to render it unnecessary for us to determine whether, since the adoption of the Code of Civil Procedure, which provides for the trial of title in such actions, (section 1543,) a subsisting adverse possession is a bar to an action for partition. The only evidence contained in the record that bears upon this question is that of the appellant and one of the respondents. The latter testified: "The river place (being the premises in question) is now occupied by James Decker, husband of Angeline; he has control of it; has had possession of it since April, 1884; he has occupied it since my father's death." The appellant testified: "I have had charge of it since my father's death. * * * I am now in possession of it." The referee refused to find that she was in exclusive possession of the land in question. Under this evidence, it cannot, we think, be held that there was a subsisting adverse possession in the appellant. The seisin of one cotenant, unless proved to be adverse, is the seisin of all, and either may institute proceedings for partition, although not personally in possession. The possession of one tenant in common is presumed to be that of all. *Hitchcock* v. *Skinner,* Hoff. Ch. 21; *Beebe* v. *Griffing,* 14 N. Y. 235; *Florence* v. *Hopkins,* 46 N. Y. 186; *Culver* v. *Rhodes,* 87 N. Y. 348; *Hulse* v. *Hulse,* (Sup.) 5 N.

Y. Supp. 747. Hence the judgment should not be reversed on the ground first stated.

This leaves for consideration the question whether the appellant was a mortgagee in possession. The only proof that tended to show that she stood in the relation of a mortgagee of the premises was that a mortgage thereon was given by William la Tourette to Elizabeth la Tourette in 1833. In 1852 one Henry la Tourette made a written assignment of that mortgage to the appellant, and to his signature thereto he added the words, "Administrator of the Estate of Elizabeth la Tourette." There was no proof whatever either of the death of Elizabeth la Tourette, or that Henry la Tourette was the administrator of her estate. Upon the evidence as it stood, we think the referee was justified in refusing to find that the appellant was the owner of that mortgage. Not having been shown to be the owner of a mortgage upon the premises, she could not be treated as a mortgagee in possession. We find no sufficient reason to disturb the judgment, and consequently think it should be affirmed. Judgment affirmed, with costs. All concur.