ELLEN R. SLOCUM, Respondent, *v.* RICHARD ENGLISH et al., Appellants.

A sale of lands for the payment of debts of a deceased person, in proceedings instituted by the administrator under the statute (2 R. S., 100, § 1), is void where the proceedings are not instituted within three years after granting of letters of administration.

The statute begins to run from the time of the original granting of letters of administration, and not in case of a change of administrators from the time of granting letters to the one who made the sale.

Proceedings for a sale were instituted by a creditor which were abandoned ; afterward, and after the expiration of the three years, proceedings were instituted by the administrator, in which no reference was made to the former proceedings, and under which the premises were sold. *Held*, that the latter proceedings could derive no aid from the former; and that the sale was void.

(Argued June 18, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury. (Reported below, 2 Hun, 78; 4 T. & C., 266.)

This was an action of ejectment.

Plaintiff claimed as one of the heirs at law of Henry Granger, who died August 1st, 1846, intestate, seized in fee of the premises in question. Letters of administration upon the estate of the deceased were issued September 2, 1846. These letters were revoked May 16, 1850, and letters of administration, *de bonis non,* were issued to John Granger

and Stephen H. Dillingham, July 8, 1850.     Said letters were revoked, as to Granger, September 20, 1852.   On the 2d April, 1852, upon petition of a creditor, the surrogate issued an order that the then administrators, *de bonis non,* show cause, at a time specified, why they should not be required to mortgage, lease or sell the real estate to pay the debts of the deceased.   The order was duly served, and on the day specified, no cause being shown, the surrogate issued another order reciting that fact and requiring all persons interested in the estate to show cause why authority should not be given to said administrators to mortgage, lease or sell. No proceedings were had on the return day.   There was no proof of service of the order, or of any further proceedings in the matter.   On the 5th March, 1853, Dillingham, as administrator, presented a petition praying for the mortgaging, leasing or sale of the real estate for the payment of the debts of deceased.   The proceedings resulted in a sale, an order of confirmation by the surrogate and a conveyance to the purchaser in pursuance thereof.   The purchaser conveyed to one Seeley, who conveyed to defendants.   Seeley and the defendants purchased in good faith and for value.

*Paul F. Cooper* for the appellants.   The application for a sale by Sandford authorized the subsequent proceedings, which resulted in the sale under which defendant claims title, and it was not necessary to set it forth in the petition. (Laws 1850, chap. 82 ; *Wood* v. *McChesney,* 40 Barb., 417 ; *Chandler* v. *Northrup,* 24 id., 129 ; *Bosworth* v. *Vanderwater,* 53 N. Y., 597 ; *Potter* v. *Mer. Bk.,* 28 id., 641–656 ; *Bullymore* v. *Cooper,* 46 id., 236–243 ; *Snyder* v. *Plass,* 28 id., 465–476 ; *Leland* v. *Cameron,* 31 id., 115–122 ; *Fort* v. *Stevens,* 17 Wend., 483.)

*E. F. Bullard* for the respondent.   The sale by the administrator was void, because the petition was not filed within three years after the granting of letters.   (2 R. S. [Edm. ed.], 104, § 1 ; Will. on Ex., 308 ; *Mooers* v. *White,* 6 J. Ch., 360 ;

*Corwin* v. *Merritt*, 3 Barb., 341 ; *Sibley* v. *Waffle*, 16 N. Y., 188, 190 ; *Ackley* v. *Dygert*, 33 Barb., 176 ; *Butler* v. *Emmett*, 8 Paige, 12.)

Church, Ch. J. We have carefully considered the able and ingenious argument of the learned counsel for the appellants, but we feel constrained to concur with the decision of the court below, that the sale of the lands in question upon proceedings instituted by the administrator is void, because such proceedings were not instituted within three years after the granting of letters of administration. We deem it unnecessary to discuss at length the point involved, as we concur substantially with the views expressed by Miller, J., in the court below.

The proceedings under which the sale took place can derive no aid from the previous proceedings instituted by a creditor. Without determining whether the previous proceedings might not have been revived and continued upon proper citations and hearing for that purpose, or a new order made therein by the surrogate for interested persons to show cause, it seems clear that such proceedings were not in fact revived or continued. It appears affirmatively that the application was made by the administrator in his own behalf as an independent proceeding ; and the validity of the sale must stand or fall by his authority to make it. There is no opportunity for indulging in presumption, as the facts appearing on the face of the paper show the want of jurisdiction. The former proceeding by the creditor was abandoned, and a new one instituted. The point that three years had not elapsed is not tenable.

The statute commences to run from the date of the original granting of letters of administration, and *not* (in case of a change of administrator), from the time letters were granted *to the* administrator who made the sale. An administrator *de bonis non* takes the estate where his predecessor left it ; and in respect to the time of limitation to sell real estate, as well as in most other respects, his administration is a mere

continuation of that commenced by the latter. Otherwise, the rights of heirs, devisees, purchasers and creditors would be uncertain and indefinite.

The object of the statute was to fix a certain period after which *bona fide* purchasers would be protected, and actions might be maintained against heirs and devisees.

Prior to the Revised Statutes the time for making the application was not limited by statute; and, in *Mooers* v. *White* (6 J. Ch., 360), it was held that the application must be made within a reasonable time, and that ordinarily a reasonable time was one year. The language of the statute is not inconsistent with this view. Section 1 of title 4 speaks of executors and administrators as a class of officers; and the language, "within three years after the granting of their letters," means after the granting of letters of administration, whatever changes of incumbents may have been made.

This is strongly confirmed by the terms of section 53, which provides that no suit shall be brought against the heirs or devisees within three years from the time of granting letters of administration, and if brought after that time, the suit shall be stayed upon proof that an application had been previously made.

The time for bringing actions under this section is clearly three years from the time of the original granting of letters; and the limitation in the first section was evidently intended to be the same period.

The judgment must be affirmed.

All concur; MILLER, J., not sitting.

Judgment affirmed.