By the Coubt (Van Voest, J)
— This case was submitted to the general term, on a statement of facts agreed to by the parties, and the controversy between them arises under the last will and testament of John H. White, late of the city of ¡New York, deceased. The first clause of the will is in these words: “After all my lawful debts are paid and discharged, I *383 give, devise and bequeath all my estate, real, personal or mixed, to my beloved wife, Lucy E. White, for her sole use, benefit and behoof forever.” Mrs. White is the sole executrix of the will. She has contracted to sell to the defendant certain real estate, owned by the testator at the time of his decease, of which she claims to be seized through her husband’s will. The plaintiff, in pursuance of the contract of sale, tendered to the defendant a deed, such as was required by the agreement, which the defendant refused to accept and fulfill the agreement on his part, on the ground, amongst others, that the lawful debts of her husband had not been paid, and that his estate was insolvent, and the plaintiff had not a title free from incumbrances. The testator died on the 26th of February, 1877. On the 21st day of March, 1877, his will was proved before the surrogate of New York, and on the same day letters testamentary were issued to the plaintiff as executrix. In August, 1879, the executrix filed her accounts and asked for a final settlement, which was accomplished, and a decree made in November, 1879. The contract for the sale of the real estate was made between the plaintiff and defendant on the 14th day of July, 1884, and the deed was tendered and refused in September of that year. By force of the language of the testator’s will, above given, his lawful debts were charged upon the real estate devised to his wife. The existence of these debts, however, did not prevent the vesting of the estate in the devisee. Seized of the estate she had the right, as devisee, to convey the land. The gift of the land charged with his debts was made to her individually, and not as executrix. The will did not clothe the executrix with a power of sale. The proceeds realized on the sale of the land she would be ., entitled to receive, and if the personalty was insufficient to pay the debts, she would be obliged to apply these proceeds of the real estate to the payment of the debts. By the devise to her of the lands, subject to the payment of the debts, she would take and hold such proceeds for the purpose of paying debts, and they *384 could be reached in her hands to that end. But the purchaser from the devisee, in good faith, would not be bound to look to it that the moneys were so applied. This has been repeatedly decided in the English courts (Elliott agt. Merryman, Barnardiston's Ch. R., 78). A late case is Corser agt. Cartwright,, which went to the house of lords (7 House of Lords Cases, 731).
There are numerous cases in the courts of this state which bear more or less upon this subject. It is not necessary to refer to any case other than Reynolds agt. Reynolds, (16 N. Y., 257), in which the rule is stated in harmony with the English cases, that “ where a testator devises real estate, after the payment of debts and legacies, it has been held that the real estate was charged.
Where there is a charge for the payment of debts generally, followed by specific dispositions of real estate, the purchaser is not bound to see to the application of the purchase-money. “ The charge is equivalent to a trust, and the same effect will be given to it by a court of equity, as if a direct devise had been made to the trustees for payment of debts” (Leading Cases in Equity, White & Tudor, note to Elliott agt. Merryman, vol. 1., page 88 [4th Amer. ed.], marg. p. 76).
The result of the rule in England is that where the debts are charged generally they do not follow the land in the hands of a Iona fide purchaser, otherwise however where there is a charge of a specific debt or legacy. The reason for the distinction is stated in the cases. The rule is stated in Perry on Trusts {vol. 2, seo. 802), and is sustained by the cases, that if a testator “ charges payments upon real estate, and then devises it to be held absolutely, the devisee can sell the estate and give valid receipts and discharges for the purchase-money.”
But in this state-, although the charge be of debts generally, yet the charge becomes and remains a lien on the devised lands and runs with it for the term of three years.
By the (lode of Civil Procedure {seo. 2750), it is provided in substance that any time within three years after *385 letters granted upon the estate of a decedent, an executor, administrator or a creditor of the decedent may present to the surrogate’s court a petition praying for the sale of the decedent’s real property for the payment of his debts, &c. The Revised Statutes contain similar provisions.
Hyde agt. Tanner (1 Barb., 75) decides that this creates what is called a statutory lien for three years, running with the land, not only in the hands of the devisees, but in the hands of a purchaser from the devisee. After three years, however, the land is discharged of the lien, and the bona fide purchaser takes the same free and discharged from the debts.
In Slocum agt. English (62 N. Y., 494), Chubch, O. J., says: “ The object of the statute was to fix a certain period after which bona fide purchasers would be protected, and actions might be maintained against heirs and devisees (Jewett agt. Keenbulty, 16 Barb., 193; Parkinson agt. Jackson, 18 Hun, 353). This view was also advanced as late as February, 1884, in Smith agt. Soper (32 Hun, 46) in which the general term of the second department says: “ The statute is based upon the principle that the purchaser having paid his money in good faith, it devolves upon the creditor to see that it is applied in payment of the debts of the testator, and upon the further principle that the creditors having three years in which to enforce their lien, if they neglect to do it within that time bona fide purchasers shall not be prejudiced by such neglect.”
In the case before us, when the plaintiff agreed to sell the land to the defendant, more than seven years had elapsed since the probate of the will and the- issue of letters testamentary. Ho delay appears to have been allowed in making and filing ail inventory of the personal estate, and in administering it, or in proceeding to a final decree. The executrix seems to have made a full exhibit of the condition of the estate for the guidance of creditors and all concerned.
Ho action or proceeding of any kind has been commenced *386 in the surrogate’s court, or in any court, by any person for the sale of the real estate for the payment of the debts.
Upon such state of facts it seems clear to us that the devisee can give a good title unincumbered by the debts of the testator. The statute lien, so called, is at an end. Nor can creditors be prejudiced by the sale of the land. It is in fact a movement in the direction of paying the debts by raising a fund for the purpose. The price agreed to be paid is presumably the full value of the land. The creditors must look to it that the proceeds go to the satisfaction of debts. In no other way than through a sale can the real estate be utilized in favor of creditors.
The objection to the title, therefore, that the real estate is incumbered by the debts of the testator is not well taken. Nor does the objection that the widow was put to her election between the gift to her under the will and her claim of dower furnish any sufficient reason to question the goodness and completion of the conveyance she proposes to make or the title she has tendered. All that remains to her is in substance her claim of dower. The estate is insolvent. The testator presumably knew the condition of his estate and the value of his gift to his wife.
In the proceedings in the surrogate’s court upon the settlement of her account as executrix, the plaintiff asserted her claim, “ as widow, to her dower out of the proceeds of the real estate when sold.” She proposed “ to wait until the sale and then have her dower right adjusted.”
. The will does not declare that the devise was in lieu of dower. And, when the condition of the whole estate is considered, the devise to her is not necessarily, or by implication, inconsistent with her claim of dower, to be adjusted and paid out of the proceeds of the sale.
The claims of creditors must needs be adjusted out of the residue of the property. They will look after that.
The result reached is, that the objections taken by the defendant to the title are not well founded.
*387 There should be judgment in favor of the plaintiff for a specific performance on the part of the defendant of the contract, with the costs of this action.