SALLS *et al. v.* SALLS *et al.*

(*Supreme Court, Special Term, St. Lawrence County.* November, 1891.)

1. DEBTS OF DECEDENTS—LIEN ON PERSONALTY—MORTGAGES—PRIORITY.

Where a decedent's personalty is insufficient to satisfy his debts, and an heir mortgages his interest in the land to a mortgagee in good faith without notice of the debts, and the three years, during which Code Civil Proc. § 2750, provides that a decedent's debts shall be liens on his land, elapses without application to the surrogate for a sale to pay the debts, the mortgage acquires priority over the debts.

2. COSTS—NON-ANSWERING DEFENDANTS.

In partition, defendants who have not answered cannot claim costs.

Action by David M. Salls and others against Lovina C. Salls and others for partition of land descended from Enoch B. Salls, deceased. Decedent at the time of his death was indebted to defendants Baird and Craig, and they now seek to have their claims against decedent adjudged prior to a mortgage exe-

cuted to defendant George Z. Erwin by Samuel A. Salls, a son of decedent, on the interest which descended from decedent to him, and they also move for costs from the proceeds of the sale. Plaintiffs move on the referee's report for a decree of sale, with costs, and an additional allowance.

*Nelson L. Robinson,* for plaintiffs. *Dennis B. Lucey,* for defendants Baird and Craig. *George Z. Erwin, pro se.*

TAPPAN, J. The lands sought to be partitioned belonged to Enoch B. Salls, now deceased, and came to the defendants, his heirs, by descent. He died in January, 1884, leaving debts due to the defendants Baird and Craig. Letters of administration were issued on his estate in February, 1886, to the defendant Lovina C. Salls. His personal estate has been administered, and found insufficient to pay his debts. No application has been made to the surrogate for a sale of the lands sought to be partitioned herein, for the payment of the decedent's debts. The referee's report shows that a sale of all the lands described in the complaint is necessary to protect the interests of all the parties. The personal representatives of Enoch B. Salls, and all parties having liens on the land, together with the creditors of said Enoch B. Salls and the creditors of Samuel A. Salls, his deceased son, and one of his heirs, have been made parties herein, as provided by section 1538 of the Code of Civil Procedure, which went into effect, as last amended, September 1, 1890. The defendant Erwin took a mortgage December 30, 1877, on the right, title, and interest of said Samuel A. Salls in and to one of said parcels of land. Under section 2750 of the Code of Civil Procedure, the debts of a decedent are liens on his real estate for three years; and such real estate descends to his heirs, subject to such lien. After the expiration of three years from the time of issuing letters of administration, the surrogate has no jurisdiction to sell the lands of a decedent for the payment of his debts. The only way to get a lien in case lands have not been sold, after the time to sell under a decree of the surrogate has expired, is to bring suit against the heir pursuant to chapter 15, tit. 3, art. 2, Code Civil Proc., and thus to have the land remaining in the heir charged and sold for the payment of debts. If the lands have been sold under certain circumstances, a judgment may be obtained against the heir for a sum not exceeding the value thereof. It is not contended that the defendant Erwin took his mortgage with knowledge that there were any debts of Enoch B. Salls that could be charged upon and paid from his real estate. He is an innocent purchaser for value, and takes, after the three years have expired, the interest of the mortgagor in the estate mortgaged, freed from the lien of the debts of the ancestor of such mortgagor. His claim is prior to that of the defendants Baird and Craig, and they can take no part of the proceeds of the sale of the land descended to the mortgagor before said Erwin's mortgage is paid. *Parkinson* v. *Jacobson,* 18 Hun, 353; *Slocum* v. *English,* 4 Thomp. & C. 266, 2 Hun, 78; affirmed, 62 N. Y. 494; *Hyde* v. *Tanner,* 1 Barb. 75–80.

The defendants Baird and Craig have not answered; they have no *status* for asking costs. Where no issue is made, costs cannot be awarded to a defendant. Costs to guardians *ad litem* for infant defendants are allowed under the general equity powers of the court.

There is power to make an additional allowance to plaintiffs under section 3253 of the Code of Civil Procedure. An additional allowance should be granted to plaintiffs. The action is complicated in its nature. Under the decree herein, a sale will divest all parties to the action of their right and estate in the premises sold, and transfer such rights to the proceeds of sale. This action obviates the necessity of bringing actions against the heirs of Enoch B. Salls, giving all parties interested their remedies in accordance with their respective rights. Plaintiffs are allowed an additional allowance of costs equal to 5 per cent. upon the amount produced by the sale, but not to exceed $350.