(3 Misc. Rep. 435.)

FORSTER et al. v. WINFIELD.

(Superior Court of New York City, General Term. May 1, 1893.)

1. WILLS—CONSTRUCTION—BEQUEST TO EXECUTORS.
    A will empowered the executors to sell "all and any part" of testator's land, and pay his debts, and provided: "The net residue, after payment of all such debts, I give to my said executors, and to the survivor of them, as joint tenants. I have entire confidence that they will make such disposition of such residue as, under the circumstances, were I alive, and to be consulted, they know would meet my approval." *Held*, that the will made an absolute gift to the executors, as individuals, of the residue after payment of the debts, though testator left a wife and two children.

2. SAME—"SURVIVOR."
    The word "survivor" means one who should survive the death of the testator.

8. SAME—CREATION OF TRUST.
    The words, "I have entire confidence that they will make such disposition of such residue as, under the circumstances, were I alive, and to be consulted, they know would meet my approval," do not create a trust in the residue.

4. SAME—USE OF CONNECTIVES.
    The words "all and any part" of testator's lands are to be read, "all or any part," and the executors were not required to sell all the land, but took title to the residue, whether composed of personalty or realty.

5. SPECIFIC PERFORMANCE.

Though only one of the executors qualified, their joint deed as individuals is sufficient to convey a perfect title to the land remaining unsold after the payment of the debts, and they may enforce specific performance of a contract to purchase such land.

Case submitted on agreed statement.

Case agreed upon in a controversy by Frederick P. Forster and Henry A. Forster against Richard M. Winfield, submitted without action, pursuant to Code Civil Proc. § 1279.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Forster & Speir, for plaintiffs.
Edward E. Sprague, for defendant.

McADAM, J.   It appears by the facts agreed upon in this case that in the year 1888 George H. Forster was the owner of a lot of land in the Twenty-Fourth ward of the city of New York, besides much other property, and on that day he made his will, in and by which he appointed these plaintiffs executors, and authorized and empowered them to sell and convey all and every part of the real estate of which he should die seised, to pay all his debts out of the proceeds, and concluded the provision for the disposition of the residue as follows:

"And the net residue after payment of all such debts, I give to my said executors, and to the survivor of them, as joint tenants. I have entire confidence that they will make such disposition of such residue as, under the circumstances, were I alive, and to be consulted, they know would meet my approval."

On November 8, 1888, the said George H. Forster died seised of the lot in question. Frederick P. Forster, one of the executors, alone qualified, and letters testamentary were issued to him. The testator left a widow and two children surviving him. On November 19, 1892, the plaintiffs, individually, made an agreement with the defendant to sell to him the lot in question, in fee simple, free and clear of all incumbrances, for $550; $50 to be paid, and which was paid, on delivery of the contract, the balance, $500, to be paid on the 20th of December, 1892, when the deed was to be delivered. The defendant refused to accept the deed offered him by the plaintiffs, claiming that they got no title by the will; they, on the contrary, claiming that the property was given to them individually, and that, having a right to the proceeds or residue of the estate after payment of debts, they had the right to retain it, and hold it unsold as real estate.

Thus differing, the parties submitted for the determination of the court the following questions: (1) Is the gift of the net proceeds of the testator's real estate, after the payment of debts and mortgages, an absolute gift to the plaintiffs, as individuals? (2) Is the gift of the net proceeds of the sale of the testator's real estate a gift of the net proceeds of the sale of the whole of the testator's real estate after paying debts and mortgages, or only a gift of the net proceeds, if any, of any such real estate as is necessarily

sold to pay debts and mortgages, over the amount of such debts and mortgages? (3) Are the plaintiffs entitled to collect the $500 from the defendant upon tendering him a short-form warranty deed of the lot described in the agreed case, or is the defendant entitled to the return of the deposit of $50, and the cancellation of his contract to purchase the lot in question?

We think the gift to the plaintiffs of the net proceeds of the testator's real estate, after the payment of his debts and mortgages, was an absolute gift to them as individuals. It is true that where the language of a will is capable of two constructions,—one of which will operate to disinherit a lineal descendant of the testator, while the other would not,—the latter should be preferred, but that is only in cases where the language is capable of two constructions. Wood v. Mitcham, 92 N. Y. 379, and cases cited; In re Brown, 93 N. Y. 295. In this case the language is clear and unambiguous. In the construction of wills and deeds we are required by statute (1 Rev. St., p. 748, § 2) to ascertain and carry into effect the intention of the parties, so far as such intention can be collected from the instrument, and is consistent with the rules of law. We are to resort to that first, and if there is no ambiguity, or if the language is plain, we are limited to the instrument itself, and must assume that the testator or grantor meant what he said. The authority to sell the land is given by the will to the executors, as such; and the one executor who qualified might have sold, and possibly might yet convey, in that capacity, under Id. p. 737, § 124. A conveyance by him without reciting the power would convey the fee. But such a question is not left to us by the submission, and we therefore limit our consideration and decision to the question whether, as individuals, the plaintiffs have, and can convey to the defendant, a good title. The testator named and appointed these plaintiffs as the executors of his will, and then, after directing them what disposition to make of so much of his estate as was necessary to pay his debts, he gave to his executors, and to the survivor of them, the residue or remainder.

By the ordinary rule of construction of wills, the word "survivor," in such a case, means one who should survive the death of the testator. As neither of them died during the lifetime of the testator, the word "survivor" becomes of no importance.

According to the language of the will, the gift is to the two persons named by him as executors. The testator's expression of confidence in them, that they would do with the residue so given them what they knew would meet his approval if alive, does not limit or restrict them in any use or disposition they may wish to make of it, nor does it create a trust. The proceeds of the sale they were to receive as trustees, in trust to pay whatever debts the testator owed, and when these debts were all paid therefrom the object or purpose of the trust was accomplished, and whatever remained of the estate after that he gave to his executors. All property in the hands of executors, to be used or expended as directed by the will, is held in trust; but what is left over after the trust is accomplished, and given to the trustee individually, is not thereafter

held in trust. It has then passed to the donee or beneficiary, and the trust has ceased. The expression by the testator of a wish, hope, or confidence that the legatee or donee will, or a desire in such a case to have him, use or expend it in a certain way, is never held to create a trust, or to impose on the donee, legatee, or devisee any duty binding on him. Campbell v. Beaumont, 91 N. Y. 464; Clarke v. Leupp, 88 N. Y. 228, and cases cited; Foose v. Whitmore, 82 N. Y. 405. It ought to have been, but is not, stated in the submission whether or not the debts have been paid; but, as more than three years have elapsed since letters testamentary were granted upon the estate, it no longer remains liable to be sold by order of the surrogate for the payment of debts, (Code, § 2750; Slocum v. English, 62 N. Y. 494,) nor was the real estate charged with the payment of the debts, (In re City of Rochester, 110 N. Y. 159, 17 N. E. Rep. 740; In re Bingham, 127 N. Y. 314, 27 N. E. Rep. 1055.) The executors were authorized and empowered to sell the real estate, but were not imperatively or peremptorily required to do so; and the real estate is not, therefore, to be deemed converted into personalty, or to be accounted for or disposed of as personal property. Parker v. Linden, 113 N. Y. 28, 20 N. E. Rep. 858, 861; Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. Rep. 625; White v. Howard, 46 N. Y. 162; Gourley v. Campbell, 66 N. Y. 168; In re Bingham, 127 N. Y. 314, 27 N. E. Rep. 1055. Where executors are authorized, or even directed, to sell real estate for the purpose of paying debts, or for some other purpose required by the provisions of the will, and having no other interest in the property, and the debts are otherwise paid, or the other purposes accomplished without a sale, the heirs or devisees who have the fee may elect to retain the property as land, or sell and convey it themselves, and so defeat the power of sale, or render it execution unnecessary. Prentice v. Janssen, 79 N. Y. 478; Hetzel v. Barber, 69 N. Y. 11; Armstrong v. McKelvey, 104 N. Y. 183, 184, 10 N. E. Rep. 266; Reed v. Underhill, 12 Barb. 113. In this case it is evident, from the language used by the testator, that he did not require the executors, if they should sell the land, to sell it all, unless it should be necessary to raise sufficient to pay the debts. He gave them power to sell all and any part of his real estate, which must be read as "all or any part" of the real estate of which he should die seised, and out of the proceeds realized by them from such sale or sales to pay his debts, and the net remainder, after paying said debts, he gives to his executors, or the survivor of them, as joint tenants. If he had given to his executors the residue of said net proceeds, the will would have a different construction, and we should be of the opinion that he gave them nothing, except so much of the proceeds as were left after a sale, and conversion of the land into money, and the payment of the debts therefrom; but, after making the only specific provisions which he makes of his property, he gives the net residue to his executors. If the testator had made any provision requiring the expenditure of money for any other purpose, it might have shown an intention to give them nothing but what might be left from the proceeds of the sale or sales that might be made; and in such a case the testator would not have

been likely to have authorized them to sell any more than was necessary to pay the debts.   At least it is not to be presumed that he would have authorized his executors to sell all of the land, and pay his debts from the proceeds, and keep the balance, if he had not intended that they should have for themselves the remainder of all of his property after the payment of his debts.   If he had intended to give them only such surplus as might remain after selling so much as might be sufficient to pay his debts, he would have so limited the sales to be made for that purpose.   As it is, he allowed them to sell all or any part of his land.   He required them to pay his debts out of the proceeds, and the residue, or whatever was not necessary to pay his debts, he gave to them.   We are clearly of the opinion that by the word "residue" he meant the residue of the property he authorized them to sell, whether sold or unsold; and, that being so, it follows that the questions submitted must be answered as follows:

(1) The gift of the net proceeds of the testator's real estate, after the payment of his debts and mortgages, is an absolute gift to the plaintiffs as individuals.   (2) The gift of the net proceeds of the sale of the testator's real estate is a gift of the net proceeds of the sale of the whole of the testator's real estate after paying debts and mortgages.   (3) The plaintiffs on tendering a short-form, full-covenant warranty deed of the lot described in the agreed case, are entitled to collect $500,—the balance of the purchase money.

The submission is imperfect, and prevents the court from pronouncing upon certain questions in the case, on which the rights of the parties depend; but limiting our decision to the questions submitted, in the form they are submitted, we are of the opinion that the plaintiffs are owners of the fee, and can give good title to the lot in question, and that the plaintiffs are entitled to specific performance of the contract.   All concur.