PIERCE v. SUPREME TENT OF KNIGHTS OF THE MACCABEES OF THE WORLD.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

PARTIES ('§ 61*)—SUBSTITUTION—NOTICE.

In a suit for reinstatement in a fraternal insurance association, plaintiff having died, an application by the administrators, substituting them as plaintiffs, was granted, on condition that the beneficiaries named in the certificate of membership apply to be joined as coplaintiffs, and that, unless such an application was made within 30 days, a motion might be made by defendant to vacate the order of substitution. *Held*, that an order thereafter made, without notice to defendant, substituting as parties plaintiff the administrators, together with two persons claiming to be beneficiaries, was improper, and should be set aside; defendant being entitled to be heard.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 97; Dec. Dig. § 61.*]

Robson, J., dissenting.

Appeal from Special Term, Monroe County.

Action by James C. Pierce against the Supreme Tent of the Knights of the Maccabees of the World. From an order substituting as parties plaintiff the administrators of the plaintiff, deceased, and from an order substituting plaintiff's administrators and two beneficiaries as parties plaintiff, and from a denial of a motion to set aside the last order, defendant appeals. Orders reversed.

See, also, 131 App. Div. 927, 115 N. Y. Supp. 1140; 132 App. Div. 941, 118 N. Y. Supp. 1135.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James M. E. O'Grady, for appellant.
George D. Forsyth, for respondent.

KRUSE, J. The original plaintiff, now deceased, brought this action for an injunction to reinstate him in the defendant association, a fraternal insurance association. He recovered a judgment for the relief demanded in the complaint, with $85.50 costs. On appeal to the Appellate Division, the judgment was reversed, and a new trial ordered. The case was noticed for trial by the defendant, but before any further proceedings were had the plaintiff died.

The administrators of the estate of the original plaintiff now desire to appeal to the Court of Appeals, and an application substituting them as plaintiffs in the place of the original plaintiff was granted, upon condition that the beneficiaries named in the policy or certificate of membership apply to be joined as coplaintiffs with the administrators. The order further provides that, unless such an application is made within 30 days after the entry of the order, a motion may be made by the defendant to vacate the order of substitution. Thereafter another order was made at Special Term, without notice to defendant, substituting as parties plaintiffs in the place of the said original plaintiff, deceased, the administrators, together with two other persons, claiming to be beneficiaries under said policy. The defendant thereupon made a motion to vacate and set aside the last-named order, which was denied. The defendant appeals from the order substituting the beneficiaries and the order refusing to vacate, as well as from the first order substituting the administrators.

I think the defendant was entitled to be heard upon the original motion substituting the persons claiming to be the beneficiaries. While there was a condition, in the order substituting the administrators, that the beneficiaries under the policy should make application to come in as parties plaintiff, that, I think, could not be done ex parte. It was entitled to be heard upon the question as to who the beneficiaries are and what interest they have in the litigation. I think the order should have been vacated, and that the order refusing to do so should be reversed.

As regards the first order, it is not claimed that the administrators have any interest in the litigation, except the question of costs. It is contended on their behalf that they have a right to appeal to the Court of Appeals for the purpose of reinstating the judgment of $85.50 costs. It does not seem to me that the Court of Appeals will entertain the appeal for that purpose alone, and the cases cited by respondents' counsel, do not, I think, sustain that contention. If the administrators and beneficiaries together have any more substantial ground for prosecuting the action or taking the appeal to the Court of Appeals than the administrators alone, that should be determined upon a proper application, upon notice to all parties, including the defendant, interested therein.

Although there are two records, neither contains the pleadings, and all the questions in controversy between the original parties, and how the parties now seeking to carry on the litigation will be affected thereby, may not fully appear. Upon the papers now presented, I do not see how any other question is involved in the litigation, save that of costs. For that purpose alone, the action should not be continued.

I think the order substituting the administrators and the order re-

fusing to vacate the ex parte order should be reversed, and the ex parte order vacated and set aside, with $10 costs. All concur, except ROBSON, J., who dissents, and SPRING, J., not sitting.