(73 Misc. Rep. 23.)

### HAMILTON v. CRAWFORD et al.

(Supreme Court, Special Term, Kings County. July, 1911.)

PARTIES (§ 59*)—SUBSTITUTION—PERSONAL REPRESENTATIVES.

Where a party, sued as the executor of a surety on a sheriff's bond, ceases to be the representative of the estate while the action is pending, the administrator with the will annexed will be substituted as a party defendant.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 90–94; Dec. Dig. § 59.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Annie Hamilton against Alice Crawford and others, as executors of Erastus Crawford, deceased, and others. Heard on motion of the Central Trust Company, as administrator with the will annexed and as substituted trustee under the will of John McQuade, deceased, to be made a party defendant. Motion granted.

Charles C. Sanders, for plaintiff.

Joline, Larkin & Rathbone, for Central Trust Company, as substituted trustee.

PAGE, J. This is a motion by the Central Trust Company, as administrator with the will annexed, and as substituted trustee under the will of John McQuade, deceased, to be brought in as a party defendant in this action.

The action was brought against the sureties on a bond of a former sheriff of this county. Edward McQuade, as executor of the estate of John McQuade, was made a party defendant. Pending the action he ceased to be the executor of said estate, in what manner is not disclosed by the papers before me, and the Central Trust Company was appointed administrator with the will annexed. As such it took the estate where Edward McQuade left it, and its administration is a mere continuance of that commenced by him. Slocum v. English, 62 N. Y. 494, 496. Therefore it seems to me that, if John McQuade's estate is to be held liable and required to pay on the bond, the representative of his estate is a necessary party and should be allowed to appear and resist plaintiff's claim. The obligation being joint and several, the plaintiff could have originally sued the bondsmen separately, or sued one and left that defendant to his action for contribution. But, having elected to sue them all in one action, and having made the representative of the estate of John McQuade a party, the plaintiff cannot object to the estate being represented by the representative which is now charged with the administration of the estate.

Possibly the action might have been severed, but it was not. It would be futile to allow plaintiff to proceed against Edward McQuade as executor after his power has ceased; for, if a judgment were recovered, it would not bind the estate of the deceased, nor the administrator with the will annexed. Code Civ. Proc. § 1830. I am of opinion, therefore, that the Central Trust Company, as administrator with the will annexed, should be substituted as a party defendant in place and stead of Edward McQuade, as executor of the last will and testament of John McQuade, deceased; the liability having devolved upon said trust company pending the action. Code Civ. Proc. § 756. The Central Trust Company takes the place of Edward McQuade, the pleadings remain the same, and all prior proceedings are valid and operative. If the Central Trust Company cannot proceed with the trial of the action when it is reached upon the trial calendar, application should be made to the justice holding the Trial Term for such relief as it deems necessary. See Moore v. Hamilton, 44 N. Y. 666, 672.

Ordered accordingly.