ROBERT HENRY THORBURN, Appellant, *v.* JOHN J. MITCHELL and Others, as Executors, etc., Defendants.

FIRST NATIONAL BANK OF PORT ARTHUR, TEXAS, as Administrator of JOHN W. GATES, Deceased, and as Administrator of CHARLES G. GATES, Deceased, Appearing Specially to Contest the Jurisdiction of the Court and not Otherwise, Respondent.

First Department, July 9, 1920.

**Executors and administrators — when action brought against foreign executrix does not abate by death of defendant — continuation of action by substituting foreign administrator with will annexed — process — service.**

Where jurisdiction was obtained by the service of a summons and complaint upon a foreign executrix personally within this State and she died before answering, the action may be revived and continued against a foreign administrator with the will annexed and it is not necessary that it be continued by the service of a supplemental summons and complaint upon such administrator within the State. But such order of substitution should be made upon notice and not *ex parte*.

*It seems*, that an entirely different situation is presented where a defendant sued as an individual dies, for his foreign executor or administrator can only be brought before the court by service of original process.

MOTION for reargument of an appeal by the plaintiff, Robert Henry Thorburn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of June, 1919, which in part and on certain terms and conditions granted plaintiff's motion for an order directing that the action be revived and continued against the First National Bank of Port Arthur, Tex., as administrator, etc., and that said bank be substituted as defendant in the place and stead of Dellora R. Gates, deceased, and that the title of the action be amended accordingly, without prejudice to any of the proceedings already had. (See *Thorburn* v. *Gates*, 191 App. Div. 506.)

*Ben Le Roy Stowell*, for the motion.

*Robert Henry Thorburn*, plaintiff in person, opposed.

PAGE, J.:

The attorney for the respondent on this motion contends that the administrators with the will annexed of the estate of John W. Gates and of Charles G. Gates can only be brought into this action by the service of a supplemental summons and complaint. He was able to convince the court at Special Term of this necessity, and also that such service could only be made personally within the State. As the administrator with the will annexed in each instance was the First National Bank of Port Arthur, Tex., this was tantamount to holding that there was no way in which the court could retain jurisdiction of the cause of action.

Jurisdiction was obtained by service of the summons and complaint personally within this State upon the foreign executrix. She thereafter and before answer died. An action brought against a person in his representative capacity does not abate by his death, resignation, discharge or removal. (1 C. J. 146, 158; Code Civ. Proc. § 755.) "As the action did not abate, but is still in court, no revivor is necessary. It is a mere question of bringing in the proper parties to continue the action. * * * The present Code abolishes the supplemental complaint, and now all applications to continue an action * * * must be made by motion. * * * What the court was compelled to do upon a supplemental summons and complaint under the Code of 1877, it now must do upon motion." (*Holsman* v. *St. John*, 90 N. Y. 461, 464, 465, following *Greene* v. *Martine*, 21 Hun, 136; affd., 84 N. Y. 648.) An administrator *de bonis non* takes the estate where his predecessor left it; his administration is a mere continuance of that commenced by the latter. (*Slocum* v. *English*, 62 N. Y. 494; *Hamilton* v. *Crawford*, 73 Misc. Rep. 23; *Matter of Lynas*, 175 N. Y. Supp. 733.) The order of substitution should not be made *ex parte*, but upon notice. (*Pierce* v. *Supreme Tent, K. of M.*, 140 App. Div. 730.) This was the procedure adopted in this case. Notice of motion was served upon the administrator, and attorneys representing it appeared, opposed the motion and have conducted this appeal. The notice of motion was, therefore, effectively served without the State, which distinguishes this case from the reasoning in the case of *Citizens' National Bank* v. *Bang* (112 App. Div. 748, 751). An entirely

different situation is presented where a defendant sued as an individual dies. His foreign executor or administrator can only be brought before the court by service of original process. (*Brown v. Fletcher's Estate*, 210 U. S. 82, 93; *German-American Coffee Co. v. Johnston, No. 1*, 168 App. Div. 31.) In such a case the foreign executor or administrator could appear specially for the purpose of contesting the jurisdiction of the court. But in this case the court had jurisdiction of the subject-matter, which was the assets of the estate in this State, and of the person of the representative of the estate. The motion was merely to substitute the successor of that representative. A limitation on the appearance amounts to nothing in so far as the motion was concerned; the sole matter before the court was whether the representative should be substituted. The attorneys appeared for the purposes of that motion; to the extent of the purposes of that motion, the administrator was before the court, and still is before us. The order denying the motion having been reversed and the motion granted the administrator is now a party to the action and is at liberty to have other attorneys appear in the subsequent proceedings without an order of substitution. Further than this, there would seem to be no effect of the limited appearance. We have given careful consideration to the various points made by the respondent upon this motion. The one discussed in this opinion is of importance and, so far as I have been able to discover after a careful search, has not been passed upon by any court. The other questions presented do not require discussion, having been disposed of upon the appeal.

The motion should be denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Motion for reargument denied, with ten dollars costs.