GEORGE J. GOULD, EDWIN GOULD, HELEN G. SHEPARD (Formerly
    HELEN M. GOULD) and HOWARD GOULD, as Executors and
    Trustees under the Last Will and Testament and Codicils Thereto
    of JAY GOULD, Deceased, Plaintiffs, *v.* GEORGE J. GOULD, Indi-
    vidually and as Receiver, EDWIN GOULD, HELEN G. SHEPARD,
    etc., et al., Defendants.

Supreme Court, New York Special Term, December, 1923.

Executors and administrators — action for accounting — power to make
    executors of deceased executor of estate parties in accounting proceed-
    ing inherent in Supreme Court — action against executor for judicial
    settlement of accounts does not abate with his death — when executors
    of deceased executor may be brought into action as parties — when
    court in exercise of its inherent power may grant motion under Civil
    Practice Act, § 90-a, to bring in executors — court has power to
    bring foreign executors into action pursuant to Decedent Estate
    Law, § 160 — motion to set aside service of order to show cause
    denied.

The statutory power conferred upon the Surrogate's Court (Surrogate's Court
    Act, § 257) to bring into a proceeding for an accounting the executors of a
    deceased executor either as parties plaintiff or defendant is inherent in the
    Supreme Court.
The action brought in the Supreme Court in 1916 by George J. Gould and his
    fellow executors and trustees for the administering of the estate of their father,
    who died a resident of this state in 1892, did not abate because of the death
    of the said George J. Gould in 1923, and as under the pleadings causes of
    action were alleged against George J. Gould as executor and trustee which at
    the time of his death and after he had been removed from his said trusteeship
    by an order of the court were being tried before a referee, his New Jersey
    executors can be brought into the action in his place and stead either as plaintiffs
    or as defendants, for in such an action it matters little who is plaintiff and who
    is defendant.
The estate of plaintiffs' testator being still within the jurisdiction of this court
    and likewise personal and real property of the said George J. Gould, so that a
    decree made here would be effective at least so far as these assets are concerned,
    the court cannot proceed to determine and equitably adjust the conflicting
    claims of the many parties to the action without the presence therein of the
    representatives of George J. Gould upon whom has devolved the responsibility
    of accounting for the acts of their testator, and as a motion upon notice as
    provided by section 90-a of the Civil Practice Act will accomplish that result,
    the court in the light of the record and to prevent a waste of time and money
    and a failure of justice, will grant the motion in the exercise of its inherent
    power.
The claim of the representatives of George J. Gould that as they are New Jersey
    executors this court is without power to bring them into the present action in
    the place and stead of their testator must be determined adversely to them upon
    the authority of section 160 of the Decedent Estate Law, which provides that
    a foreign executor may sue and be sued in any court of this state in his capacity

of executor in like manner and under like restrictions as a non-resident may sue or be sued.

A cross-motion of the executors of George J. Gould to set aside the service of the order to show cause herein, and to vacate and set aside the same, denied.

MOTION for substitution of parties plaintiff and defendant.

*Stotesbury & Miner,* for petitioners, Commercial Trust Company of New York and Schuyler Neilson Rice, as trustees for Jay Gould.

*Taylor, Knowles & Hack* and *DeForest Brothers,* for plaintiffs.

*Pierce & Greer (Frank C. Nicodemus, Jr.,* of counsel), for defendant Frank M. Gould.

*Alton B. Parker,* for Edwin Gould, individually and as executor and trustee.

*Leonard & Walker (Samuel Seabury,* of counsel), for defendant Frank J. Gould.

*Coudert Brothers (Howard Thayer Kingsbury,* of counsel), for defendant Duchesse de Tallyrand.

*Gillespie & O'Connor,* for defendant Kingdon Gould.

*Griffiths, Sarfaty & Content,* for defendant Jay Gould.

*Stanchfield & Levy (William M. Parks,* of counsel), for defendant George J. Gould.

*Edgar T. Brackett,* guardian *ad litem,* for defendant Edith G. Gould Wainwright.

*W. A. W. Stewart,* guardian *ad litem,* for defendants Gloria Gould, Edith K. Drexel, Anthony J. Drexel, 3d, Eleanor Gould, Anne Douglas Gould, Marjorie Gould Drexel, Eileen Vivian de la Toer Beresford, Catherine Maya Beresford, Arthur George Beresford.

*Stewart & Shearer,* for W. A. W. Stewart, guardian *ad litem* for Gloria Gould et al.

*Thomas S. Fuller,* guardian *ad litem,* for defendant Helen Margaret Gould.

*Walter F. Carter,* guardian *ad litem,* for defendant Dorothy Gould.

*Rounds, Shearman & Dwight,* for Walter F. Carter, guardian *ad litem* for defendant Dorothy Gould.

*William Nelson Cromwell,* guardian *ad litem,* for Jason Honore de Castellane, Charles Duke de Sagan and Helene Violett de Tallyrand.

*Henry H. Pierce,* for William Nelson Cromwell, guardian *ad litem* for Jason Honore de Castellane, etc.

*Sullivan & Cromwell (P. L. Miller, of counsel), for defendants Marie Louis de Castellane and George Gustave de Castellane.*

*George L. Shearer,* for defendant United States Trust Company of New York, as substituted trustee, etc., for the benefit of Frank J. Gould, and remaindermen.

*Robert L. Luce,* for Charles D. Donohue, guardian *ad litem* for the defendants Sylvia Annunciata Gould and Edith Kingdon Gould.

*Bernard Naumberg,* for Malcolm Sumner, guardian *ad litem* for the defendants Jay Gould, Jr., George J. Gould, 3d, Maughan Carter Gould and Stuyvesant Wainwright.

*David L. Weil,* for Thomas F. Keogh, guardian *ad litem* for the defendants George Sinclair Gould and Guinevere Gould and Jane Sinclair Gould.

*Geller, Rolston & Blanc (C. A. Capron, of counsel), for defendant Farmers Loan and Trust Company, as substituted trustee, etc.*

*Taylor, Knowles & Hack,* for defendant the Equitable Trust Company of New York, as substituted trustee for Howard Gould and remaindermen.

*DeForest Brothers,* for defendant the Equitable Trust Company of New York, as substituted trustee for Howard Gould and remaindermen.

*Taylor, Knowles & Hack,* for defendant Bankers Trust Company, as substituted trustee for Edwin Gould and remaindermen, and Helen G. Shepard and remaindermen.

*DeForest Brothers,* for defendant Bankers Trust Company, as substituted trustee for Edwin Gould and remaindermen, and Helen G. Shepard and remaindermen.

*Murray, Prentice & Aldrich (Winthrop W. Aldrich, of counsel),* for defendant the Equitable Trust Company of New York, as substituted trustee for the benefit of George J. Gould and remaindermen.

*Chadbourn, Babbitt & Wallace (William Wallace, Jr., of counsel),* and *Stetson, Jennings & Russell,* appearing specially for Kingdon Gould and S. N. Rice, executors of the estate of George J. Gould.

*Cravath, Henderson & de Gersdorff (Charles A. Roberts, of counsel),* for Majorie G. Drexel and Lady Vivian Decies.

*O'Brien, Boardman, Parker & Fox (Littleton Fox, of counsel),* for defendant Helen G. Shepard.

DAVIS, J.   This is a motion by Frank J. Gould to substitute the executors of George J. Gould, deceased, as parties plaintiff herein in the place and stead of George J. Gould, as executor and trustee under the will of Jay Gould and also substituting them as executors of the estate of said George J. Gould, deceased, as parties defendant in this action in the place and stead of George J. Gould, individually and as receiver, etc.   Jay Gould died a resident of New York on December 2, 1892.   His will and the codicils thereto were admitted to probate in January, 1893, in New York county. Letters testamentary were issued in New York county to George J. Gould, Edwin Gould, Helen G. Shepard and Howard Gould in January, 1893.   The persons named as executors were also named as trustees of the residuary estate.   The action in which this present motion is made was brought in 1916 by the said George J. Gould, Edwin Gould, Helen G. Shepard and Howard Gould, both as executors and trustees under the will of Jay Gould, for a judicial settlement of their accounts as such executors and trustees extending over a period of about thirty years.   The plaintiffs' prayer for relief is as comprehensive as it was possible to make it.   It prays that an account of all their acts and proceedings since the death of Jay Gould as executors and trustees be taken under the direction of the court; that their various acts in connection with their adminis- tration of the will and of the trust estate be examined and approved; that the will be construed, and the rights and interests of the parties to the action and of the beneficiaries be ascertained and defined and that the plaintiffs' accounts be judicially settled, and that plaintiffs be discharged and released, both as executors and trustees and individually, and, furthermore, that the amount of the real and personal estate with which the plaintiffs are chargeable as executors and trustees be stated, and their action in managing the estate as a unit and in deferring the physical division thereof into separate trust funds be approved, and that the court give its advice and direction as to their future administration of the estate funds and that their past administration of the estate be ratified and approved.   Each of the plaintiffs being life beneficiaries under the will of Jay Gould is made a party defendant in his individual capacity and all other interests are represented as parties defendants. In his amended answer the defendant Frank J. Gould demands affirmative relief against George J. Gould, and the latter as a defend- ant demands affirmative relief against the defendant Frank Jay Gould.   In July, 1919, the plaintiff George J. Gould was removed from his trusteeship by the Special Term of this court and its action was affirmed by the Appellate Division December 22, 1922 (203 App. Div. 807).   In February, 1923, the Hon. Edward W.

Hatch was appointed referee to hear and determine the issues of law and fact herein, and hearings have been had before said referee. On May 16, 1923, George J. Gould died, and at the time of his death he was domiciled in New Jersey. On or about June 4, 1923, his will was admitted to probate in the county of Ocean, N. J., and letters testamentary were issued to his son, Kingdon Gould, one of the parties defendant herein, and to Schuyler Neilson Rice. Kingdon Gould has appeared herein as a party defendant. The present motion made by the defendant Frank J. Gould was brought on by an order to show cause dated October 10, 1923. The order required Kingdon Gould and Schuyler Neilson Rice, as executors of the estate of George Jay Gould, to show cause why an order should not be made and entered herein substituting them as executors of the estate of George J. Gould, deceased, as parties plaintiff in this action in the place and stead of said George J. Gould as executor and trustee of the last will and testament and codicils thereto of Jay Gould, deceased, and also substituting them as executors of the estate of George J. Gould, deceased, as parties defendants in this action in the place and stead of said George J. Gould, individually and as receiver of the surplus income of the Duchess de Tallyrand and for general relief. The order to show cause contained a direction that a copy of it, with the affidavit of Mr. Walker, be served upon said Kingdon Gould and Schuyler Rice, as executors of George J. Gould, by mailing it to the former at Lakewood, N. J., and at No. 160 East Seventy-second street, New York city, and to Mr. Rice at Highland Park, New Brunswick, N. J., and to both of the executors of George J. Gould, at No. 15 Exchange place, Jersey City, N. J., or in the alternative by serving a copy of the order to show cause and the affidavits upon each or either of the executors personally. The provision in this order to show cause, as to the method of service, is in accord with section 90-a of the Civil Practice Act. It provides that " any and all notices required to be served for the revival of an action or proceeding, or for any purpose under the foregoing provisions of this article, may be made personally or by such method and in such manner as the court or judge shall direct." Service of the order to show cause was made upon Kingdon Gould and Schuyler Neilson Rice, as required by the order. The executors of George J. Gould served notice of a cross-motion in response to the order to show cause. In their notice of cross-motion they state that they appeared " specially and solely for the purpose of their motion and for no other purpose," and, furthermore, that they will apply for an order vacating and setting aside the service of the order to show cause and also for an order vacating and setting aside the orders

themselves.   They filed affidavits and argued in opposition to the granting of the relief sought in the orders to show cause.   When they moved to vacate the service of the orders they contested the jurisdiction, but when they opposed the granting of the relief sought under the order to show cause itself they were in the motion for all purposes.   In view of the facts I think it must be held that they in effect made a personal appearance for all purposes of the motion made by the defendant Frank J. Gould.   The action in which these motions were made was brought by George J. Gould and his fellow executors and trustees for the purpose of administering the estate of Jay Gould.   In such an action it matters little who is plaintiff and who is defendant.   The whole matter is laid before the court and rights and liabilities are determined and decreed. The purpose of this action has not changed because of the death of George J. Gould.   The question is whether or not George J. Gould's representatives can be brought into the proceeding in the place and stead of George J. Gould as plaintiffs or as defendants. The executors of George J. Gould claim that by the death of George J. Gould this court lost jurisdiction over him and that it has no jurisdiction to bring into the action his New Jersey executors. This is an administration action.   It has been designated as such by the Appellate Division of this department.   *Gould* v. *Gould,* 203 App. Div. 807.   It has not abated because of the death of George J. Gould.   " An action does not abate by any event if the cause of action survives or continues."   Civ. Prac. Act, § 82. Under the pleadings in this accounting action causes of action were alleged against George J. Gould, as executor and trustee, which were being tried before a referee at the time of Gould's death.   Section 257 of the Surrogate's Court Act makes provision for bringing into the accounting action, either as party plaintiff or defendant, the executor of a deceased executor's party and for proceeding with the action as if the deceased had not died.   I think the power thus conferred by statute upon the Surrogates' Courts is inherent in the Supreme Court.   The situation is briefly as follows: George J. Gould instituted the accounting action.   Issues in the nature of a counterclaim were raised by answer between one at least of the defendants, notably Frank J. Gould, and the plaintiff George J. Gould, as executor.   Testimony has been taken by the referee. In such a case I think the authorities hold that the executors of a deceased executor who dies during the pending of an administrative action may be brought into the action and the action proceed as if there had been no death.   " * * * This was done on the ground that the defendant had obtained an interest in the further prosecution of the suit.   * * *.   After an issue joined upon a counter-

claim, and its reference to a referee, I think the defendant has acquired such an interest in prosecuting the action as entitles him or his representatives to have it continued." *Livermore* v. *Bainbridge*, 49 N. Y. 125, 130, 131. Moreover, the estate of Jay Gould, for his administration of which George J. Gould sought to account in this action, is still located within the jurisdiction of this court, and likewise personal and real property of the executor himself, so that a decree made here would be effective at least so far as these assets are concerned. It is obvious from the record that this court cannot proceed to determine and adjust equitably the conflicting claims of the many parties to this action without the presence therein of the representatives of George J. Gould. But it is claimed by the representatives of George J. Gould that as they are New Jersey executors this court has no power to bring them into this action in place of their testator without their consent. This contention must be decided adversely to the New Jersey executors upon the authority of section 160 of the Decedent Estate Law (derived from Code Civ. Pro. § 1836-a; Laws of 1911, chap. 631), which provides that a foreign executor may sue and be sued in any court of this state in his capacity of executor in like manner and under like restrictions as a non-resident may sue or be sued. Also upon the authority of *Bergmann* v. *Lord*, 194 N. Y. 70 (decided before the statute, section 1836a, Code of Civil Procedure, in January, 1909), where the court says: "It is a general rule that an action will not lie against a foreign executor, but there are exceptions to the rule." *Slatter* v. *Carroll*, 2 Sandf. Ch. 630; *Lyons* v. *Park*, 111 N. Y. 350; *Montgomery* v. *Boyd*, 78 App. Div. 64. "In actions in equity where it is necessary to prevent a failure of justice jurisdiction will be assumed at least so far as the relief to be secured relates to property in the jurisdiction of the court." *Montgomery* v. *Boyd, supra.* See, also, *Helme* v. *Buckelew*, 229 N. Y. 363, decided July 7, 1920. But the foreign executors of George J. Gould claim that there is no power in this court to make them parties plaintiff by motion in the action. I think it is the only way to bring about that result in the absence of their consent. The action has been pending for a long time, a large amount of testimony has been taken, the testimony of George J. Gould was taken to be used on the trial, and he stipulated in writing that it might be used on the trial before and after his death. The cause of action survives and continues. The action is pending. All that is needed to enable the court to make a complete determination in the cause is the presence therein of the representatives of George J. Gould, upon whom has devolved the responsibility of accounting for their testator's acts. In my opinion this result must be accomplished by motion made upon notice as provided

in section 90a of the Civil Practice Act.   This method was pursued here, and the foreign executors are properly before the court for all purposes of the motion.   *Griswold* v. *Caldwell*, 14 Misc. Rep. 299; *Thorburn* v. *Mitchell*, 193 App. Div. 174, 175; *Jones* v. *Jones*, 68 id. 5; affd., 171 N. Y. 653.   It is said that the action has been going on for eight years and more; that the parties defendant include several non-residents and more than twenty-five infants with many special guardians; that more than thirty attorneys are in the action, and that George J. Gould's examination before trial, in which 1,250 pages of testimony was taken, lasted for about two years before the appointment of the referee.   In view of these facts it would appear that the granting of this motion to bring in these executors is necessary to prevent a waste of time and money and a failure of justice.   The motion of the defendant Frank J. Gould to substitute the executors of George J. Gould as plaintiffs in the place and stead of George J. Gould as executor and trustee, etc., and in the place and stead of George J. Gould, defendant herein, and to amend the title of the action accordingly and to continue the action is granted.   The cross-motion of the executors of George J. Gould to set aside the service of this order to show cause and to vacate and set aside said order to show cause is denied. Settle the order hereon on notice.

Ordered accordingly.