## WATSON v. LOOP, ADM'R.

Although, according to the due order of pleading, a general demurrer should precede an answer upon the facts, yet it is not a ground for reversing the judgment, that the Court entertained a general demurrer after an answer upon the facts.

At Common Law the right of action for torts unconnected with contract, did not survive the death of the wrong-doer, but was determined by it; and we are aware of no statute which has changed the rule of the Common Law in relation to statutory actions of the character of the present.

The action under Article 2380, Hart. Dig., for postdating items in an account, is abated by the death of the defendant.

In an action for postdating items of an account, (Hart. Dig. Art. 2380,) the petition should allege that the defendant was a merchant or trader at the time.

Error from Bowie. This suit was brought by the appellant against Madden, the appellee's intestate, in his lifetime, under Article 2380 of the Digest, for postdating certain articles charged in an account. The defendant died after suit brought, and the suit was revived by *scire facias* against his administrator. The defendant answered first by a general denial, and afterwards by a general demurrer and special exceptions to the sufficiency of the petition, and the right of the plaintiff to maintain the action against the legal representative of the deceased. The Court sustained the exceptions, on the ground that the action abated upon the death of the defendant Madden, and the plaintiff brought a writ of error.

*J. J. Peters*, for plaintiff in error. The Court erred in permitting the defendant to file a demurrer to plaintiff's petition, after having fully answered at a previous term of the Court. (Towner v. Sayre, 4 Tex. R. 28; 8 Tex. R. 351; Moore v. Torrey, 1 Tex. R. 42; Dallam's Dig. 451 and 461.)

The first plea of defendant being a general denial of all the allegations of the petition, and the subsequent pleas being all demurrers or exceptions to plaintiff's petition, and therefore

admitting the truth of the allegations in the petition, should have been stricken out, as being inconsistent with the first plea. (Jones v. Nowland, Dal. Dig. 451.)

Admitting that the amendment had been properly permitted to the answer, the only question that could have been raised by the demurrers, was the legal sufficiency of plaintiff's petition, and not whether defendant Loop had been properly made a party to this suit.

The defendant Loop having pleaded and demurred to plaintiff's cause of action, it was too late for him to set up as a defence that he was not properly a party to the suit, and that the cause of action did not survive against him after the death of Madden. (1 Chit. Pl. 128, 6th Amer. Ed.) This action is for damages for postdating an account. (Hart. Dig. 2380.) The Court erred in deciding that this action abated on the death of Samuel Madden.

. 1st. Because this action is in the nature of a popular action at Common Law, and is founded on an implied contract, and is a vested right, and therefore does not abate. (3 Black. Com. 159 and 160; 2 Id. 437 and 438; 1 Bac. Abr. p. 61, Tit. Actions Qui Tam.; Taylor v. Rushing, 2 Stew. R. 160.)

At Common Law all actions in form *ex delicto* abated on death of defendant where the plea would be not guilty, but this rule was never extended to such actions as were founded upon an obligation, contract, debt, covenant, or other duty to be performed. (1 Saund. R. 216, n. 1.)

By Common Law an action of debt was the proper remedy on a penal statute, when no remedy was given by the statute. (Broom's Maxims, 93; 1 Chit. Pl. 104 and 105, 3rd Amer. Ed. from 2nd Lon. Ed.)

And all actions of debt by Common Law could be maintained against an executor or administrator, except where the defendant could have waged his law, if he had been living, and even in that case it survived if the executor or administrator pleaded or demurred to the action. (1 Chit. Pl. 106; 1 Saund. R. 216, n. 1.)

Blackstone draws a distinction between such actions as this, and actions of battery, slander, trespass, and the like; for in the latter cases a party has no certain demand until after verdict of a jury, but in the former case the amount is certain, being fixed by operation of law. (2 Black. Com. 438.)

*Murray*, for defendant in error. The action could not be sustained under Art. 2383 Hart. Dig., under which it was brought, as that only relates to actions against executors and administrators. The plaintiff does not come within the rule, and the demurrer was therefore properly sustained.

A general demurrer may be entertained at any time. (9 Tex. R. 472.)

Wheeler, J. It is objected on behalf of the plaintiff, that the Court erred in permitting the defendant to amend by filing a demurrer after he had answered by a general denial. This Court has often deprecated, as irregular, the practice of filing the demurrer or exceptions after the defendant has answered by a general denial or other matter presenting an issue of fact in bar of the action. But we have never decided that the having entertained a demurrer to a petition which disclosed no cause of action, under such circumstances, was error. In the due order of pleading, undoubtedly, the presentation of issues of law should precede those of fact. But where the petition is so fatally defective as that it must be adjudged insufficient on demurrer or on a motion in arrest of judgment, it would be idle to require the parties to proceed to a trial of the issues of fact, and drive the defendant to his motion in arrest of judgment. There is no rule of practice or decision of this Court which requires such an unnecessary and useless expense and consumption of time. We had occasion to notice a similar objection in the case of Fowler & Clepper v. Stoneum, lately decided at Galveston, (11 Tex. R.,) and in accordance with

the opinion then expressed, we hold that the Court did not err in sustaining the demurrer.

We are of opinion, also, that the demurrer was rightly sustained. It is free from doubt, that, by the Common Law, the action in this case abated, and the remedy was determined, by the death of the defendant. It was the general rule of the Common Law, that the right of action for torts unconnected with contract, did not survive the death of the wrongdoer, but was determined by it. And we are aware of no statute which has changed the rule of the Common Law in relation to statutory actions of the character of the present. The action given by the statute is penal in its nature ; and is given, not specially to the party agrieved, but to any person who shall become the informer or plaintiff in the prosecution. (Dig. Art. 2380.) It is not founded upon any contract, express or implied, but solely upon a wrong committed by the defendant, and in such a case the principle of the maxim, *actio personalis moritur cum persona*, applies ; and it does not survive either by or against the executor or other representatives. (1 Chit. Pl. 68, 89; 3 Bl. Com. 302.)

There is another ground on which the judgment of the Court sustaining the demurrer must have been affirmed. There is no averment that the defendant was a " merchant or trader," and it is only against such that the statute denounces the penalty attached to this offence. The judgment is affirmed.

Judgment affirmed.