E. PHILIP GIBBS v. JOHN BELCHER.

A cause of action, arising from a personal injury to a party, at common law, dies with the party, and with it the remedy. *Actio personalis moritur cum personâ.* (Paschal's Dig., Art. 18, Note 229.)

The rule in the case of Taney v. Edwards, 27 Tex., 224, was questioned in Cherry v. Speight, 28 Tex., 503, and in future it will be regarded as overruled.

Where the judgment was against a defendant for assault and battery, and he prosecuted error, and, pending the case in the Supreme Court, the plaintiff in the judgment died, and now the defendant below, who was plaintiff in error, moved to dismiss, because the action was personal, the motion was overruled.

The 38th and 39th sections of the act to regulate proceedings in the district court provide for making parties in the district court whenever the cause of action survives. (Paschal's Dig., Arts. 6, 7, Notes 224, 225.) Neither of these sections embrace a *tort.*

The 37th section provides, that in all suits, where either party shall die between verdict and judgment, the judgment shall be entered as if both parties were living. (Paschal's Dig., Art. 5, Note 223.) This section is not confined, like 38 and 39, to causes of action that survive.

The amendatory act of 5th February, 1843, is applicable alike to all cases in which one of the parties dies after judgment. It remains a valid and subsisting claim, and a mode of collection is given in the act. (Paschal's Dig., Arts. 13, 14, Notes 227, 228.)

The death of a party to a personal action, after judgment, did not have the effect of vacating or opening the judgment; but it survived in favor of or against the representative of the deceased.

A writ of error removes a cause to the Supreme Court, but does not vacate or open the judgment, nor operate so as to stay an execution on the judgment,

unless security is given and *supersedeas* sued out. (Paschal's Dig., Art. 1495, Note 587.)

The 15th section of the act to regulate proceedings in the Supreme Court reads as follows: "All writs and process issuing from the Supreme Court shall bear the test of the chief justice of said court, and be under the seal of said court, and signed by the clerk thereof, and may be directed to the sheriff, or other proper officer, of any county in the state, and shall be by such officer executed according to the commands thereof, and returned to the court from which they emanated; and whenever such writ or process shall not be executed, the clerk of said court is hereby authorized and required to issue another like process or writ, upon the application of the party suing out the former writ or process, to the same or any other county; and when any person, plaintiff or defendant, in any suit pending in said court, shall die, it shall be lawful for the clerk of the said court, during the recess of the court, upon application by petition, to issue proper process to enable the court to proceed to a final judgment or decree, in the name of the representative of such deceased person." (Paschal's Dig., Art. 1573, Note 608.) This section makes no distinction between causes of action, but embraces all judgments.

The writ of error is a new action, brought in a superior court, founded upon a judgment of an inferior court, for the purpose of supervising it and correcting any error there may have been in the proceedings of the court below.

Our statute changes the common law practice, (which is fully discussed,) and makes the writ of error applicable to all cases.

The judgment merges the cause of action, and becomes a debt of record, which survives to the legal representative.

ERROR from Wood. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

The judgment was rendered at the May term, 1860, and the writ of error issued on the 7th of August, of that year, and was returned to the Tyler session of 1861, and the transcript was filed 25th April, 1861.

The facts of the case are sufficiently set forth in the opinion.

*Robertson & Herndon*, on the 1st April, 1867, for plaintiff in error, filed the following motion, upon which the opinion was given:

"And now comes the said appellant by attorney in this cause, and suggests the death of appellee, John Belcher, in this cause, and moves that this cause abate; because, by inspecting the record, it will appear that this was a suit by John Belcher, appellee, to recover damages for an assault and battery made on him by the said appellant;. and that the said suit does not survive the death of appellee. (Paschal's Dig., p. 96, Notes 223, 224; Taney v. Edwards, 27 Tex., 224; 1 Chan. Plead., 68.)"

*J. H. Parsons*, on the 11th of the same month, appeared for Obadiah Belcher, the administrator of the defendant in error, made the administrator a party, and suggested delay; but made no mention of the motion.

SMITH, J.—Belcher sued Gibbs for an assault and battery, and recovered judgment for $30 and costs of suit. Gibbs sued out this writ of error in this cause, and after that Belcher died, and Gibbs now moves the court to abate the suit and dismiss the cause, for the reason that the cause of action was a *tort* or an injury to the person of Belcher, and did not survive in favor of his representative.

A cause of action arising from a personal injury to a party in no way connected with a contract at common law dies with either party, and with it the remedy. *Actio personalis moritur cum personâ.* And we know of no statute that changes this rule in respect to this class of actions. (12 Tex., 11.) And if the party, Belcher, had died before the verdict in this cause, it must be admitted that the suit would necessarily have abated, and there would have been no survivorship of the cause of action; it would have died with the person injured. But we are not satisfied that the same rule obtains when the party dies after the rendition of a judgment in the district court. It was held in the case of Taney v. Edwards, at Austin term, 1863, [27

xxx—6.

Tex., 224,] that an appeal, in actions of this character, had the effect of opening the judgment below; and, upon the death of either party pending the appeal, the cause abated, and the judgment did not survive. In the case of Cherry v. Speight, decided last term at Austin, [28 Tex., 503,] the correctness of this opinion was questioned and held open for future investigation. And from the examination we have been enabled to give the subject here, we are of opinion that it was incorrect, and in future will be regarded as overruled.

The case of Cox v. Windfield, 18 Ala., 738, was an action for *crim. con.* Windfield recovered judgment in the lower court for $2,000, and Cox sued out a writ of error to the supreme court, and died before errors were assigned. The question was, whether the writ abated or could be revived and prosecuted in the name of his administrator. We will copy the language of Mr. Justice Chilton, in the opinion, to wit:

"It is conceded that at the common law a writ of error abated where the plaintiff died before errors assigned, and that our statute only allows the personal representative to be made a party for the purpose of prosecuting the writ in case the cause of action by law survives. It is insisted in this case by the defendant in error that the original cause of action does not survive. We readily grant that, had Cox died before final judgment in the court below, the suit would have abated by reason of his death. But a final judgment was rendered against him.

"The action here terminated, and it is very certain that his death, after the rendition of such judgment, did not annul it, but, on the contrary, it is conceded by the counsel that it could be enforced against the estate of the decedent, and that a *scire facias* would lie to revive it against his personal representatives. Now, our law would be singularly defective, if a final but erroneous judgment could only be reversed by the defendant while living, thus making his

death operate as a release of all errors. It would be diffi-
cult to find a reason, which would give to the party him-
self a right to have an erroneous judgment corrected,
and which would deny such right to his personal repre-
sentatives. But such, we are persuaded, was not the law.
After the writ of error was sued out and the record re-
turned to this court, the action was pending here. The
action was, by writ of error, to revise the judgment of the
circuit court. The cause of action in this court is not the
alleged criminal intercourse which Cox had with the wife
of the plaintiff below, but the alleged error that intervened
in the record of the proceedings and rendition of judgment
in the circuit court against Cox, which this court is prayed
to revise and correct. This proceeding is a new action.
The defendant below becomes the actor here, and the orig-
inal cause of action has become merged in the judgment,
to reverse which is the object of the present action. If,
then, the judgment complained of as erroneous survives,
the cause of action as to the writ of error survives, and
thus brings the case within both the letter and spirit of the
statute above quoted. (4 Porter, 9–18; Pope v. Welch, 18
Ala., 631.)"

Articles 537 and 538, O. & W. Dig., provide for making
parties in the district court whenever the cause of action
survives and either party has died before verdict. [Pas-
chal's Dig., Arts. 6, 7, Notes 224, 225.] Neither of these
sections embrace a *tort*, in which the cause of action does
not survive. Article 536 provides for all suits where either
party dies between verdict and judgment. [Paschal's Dig.,
Art. 5.] It must be entered as if both parties were living.
This is not confined, like the other sections, to causes of
action that survive. Articles 540 and 541 are applicable
alike to all cases in which one of the parties dies after judg-
ment. [Paschal's Dig., Arts. 13, 14, Notes 227, 228.] It
is regarded as a valid and subsisting claim, and a mode of
collection is given for the plaintiff, and against the defend-

ant. So we must conclude, as did the court in Alabama, that the death of the party after judgment did not have the effect of vacating or opening the judgment, but that it is valid, and survived in favor of or against the representative of the deceased party. A writ of error removes a cause to the Supreme Court, but does not vacate or open the judgment, nor operate so as to stay an execution on the judgment, unless security is given and *supersedeas* sued out. (Art. 554, O. & W. Dig,) [Paschal's Dig., Art. 1495, Note 587.]

Article 1909, O. & W. Dig., provides, that "when any person, plaintiff or defendant, in any suit pending in said (supreme) court shall die, it shall be lawful for the clerk of the said court, during the recess of the court, upon application by petition, to issue proper process to enable the court to proceed to a final judgment or decree in the name of the representatives of such deceased person." [Paschal's Dig., Art. 1573, Note 608.] It will be perceived there is no distinction made in the classes of cases which may be pending in the Supreme Court. Whether the cause of action was such as survived at common law or not, process is directed to issue to the representative of the deceased party, in order that the court may proceed to final judgment or decree.

The writ of error is a new action, brought in a superior court, founded upon a judgment of an inferior court, for the purpose of supervising it and correcting any error there may have been in the proceedings of the court below. The death of the plaintiff in error, before the assignment of errors, at common law, operated to abate the writ of error in any suit, whether founded upon a cause of action that did not survive, or one that did; but this abatement of the writ of error did not operate to vacate or annul the judgment in the inferior court, whether founded upon a *tort* or a contract. But the death of defendant, before or after error assigned, did not abate the writ in any personal action. If the death of defendant happened before the

assignment of errors, and the plaintiff will not assign errors, the representatives of the defendant may have a *scire facias*, *quare executio non*, in order to compel him, if after they proceed as if the defendants were living, till judgment be affirmed, and then revive by *scire facias*. And the plaintiff in error, in order to compel the representatives of the deceased defendant in error to join in error, may sue out a *scire facias ad audiendum* errors, either generally or specially naming them. (Tidd's Prac., 1096, 1128; 6 Wheat., 260; 4 Blackf., 151.) If errors were assigned before the death of the plaintiff in error, the writ of error did not abate, but the judgment of the superior court was rendered, and then a *scire facias* would issue to the representatives of the deceased party to revive it against them as aforesaid. Our statute changes the practice in this respect in reference to all suits of every character pending in the Supreme Court. Whether the party die before or after an assignment of errors, the suit does not abate, but process issues to the representative of the deceased party, in order that the court may proceed to a final judgment, and this has been uniformly the practice of this court.

We believe that the original cause of action for the assault and battery was merged in the judgment of the district court, which is a *quasi* contract, was not opened or vitiated as a subsisting judgment by the writ of error in this cause, but remains a subsisting and final judgment, a right of action upon which survives in favor of the administrator of Belcher, and will remain a valid judgment, impressed with force and verity, until set aside by some legal proceeding for that purpose. The *supersedeas* in the cause prevents the issuance of an execution during the pendency of the cause in this court, but does not affect the force and validity of the judgment of the district court.

It may be urged that, if this court should reverse the judgment rendered below, and send the cause back for a new trial, then the cause would necessarily abate by rea-

son of the death of the party. If that be so, it can afford
no reason why an erroneous, and therefore an unjust, judg-
ment should not be examined and set aside, and, if just,
why it should not be affirmed against the plaintiff in error
and his securities, who have caused the delay by suing out
the writ. (2 Dana, 335.)

We are of opinion that the writ of error does not abate
by the death of Belcher, and that the cause of action does
survive to his administrator in this court; that he is prop-
erly made a party; and, therefore, the plaintiff's motion to
abate the writ and dismiss the suit is

OVERRULED.