### City of Marshall v. Mrs. Katie McAllister.

Decided November 25, 1899.

**1. Action for Personal Injuries Not Abated by Plaintiff's Death.**

An action for personal injuries and injury to personal property does not abate with plaintiff's death, but survives to his heirs and legatees. City of Marshall v. McAllister, 18 Texas Civil Appeals, 159, adhered to.

**2. Evidence—Opinion.**

In an action for injuries received in crossing a defective bridge, the statement of a witness as to where travelers were expected to cross the bridge is properly excluded where the evidence adduced is of such nature that the jury can as well form an opinion upon that matter as the witness.

**3. Damages Against City for Injuries from Defective Bridge.**

For facts warranting recovery against a city for injuries resulting from defects in a bridge across a street, see the opinion.

Appeal from Harrison. Tried below before Hon. W. J. Graham.

*Arthur H. Cooper,* for appellant.

*T. P. Young,* for appellee.

RAINEY, Associate Justice.—This suit was brought by G. L. McAllister against the city of Marshall to recover damages for personal injuries and injury to personal property caused by a defective bridge which it is alleged the city had negligently failed to keep in repair.

During the pendency of the suit G. L. McAllister died, and his surviving wife and sole legatee made herself party plaintiff and prosecuted the suit. Upon trial of the cause plaintiff recovered, and the city appeals.

The first assignment complains of the court in overruling defendant's plea in abatement; the ground urged in said plea being that said G. L. McAllister had died after the institution of the suit, and that his cause of action, both for damages as to personal injuries and injuries to his personal property, abated with his death.

On a former appeal of this case we held that under article 3353a, Revised Statutes, a right of action for the personal injuries sustained by G. L. McAllister survived to his widow and sole legatee, Mrs. McAllister. City of Marshall v. McAllister, 18 Texas Civ. App., 159. This holding is adhered to. See Pritchard v. Railway, 13 S. E. Rep. (Ga.), 493.

Injury to personal property affects the estate, and an action therefor does not abate upon the death of the owner, but survives to his heirs or legal representatives. Railway v. Freeman, 57 Texas, 156. On the death of G. L. McAllister his right of action to recover for injuries to his person and property survived to Mrs. McAllister, and the court properly overruled defendant's plea in abatement.

The court's charge as to the degree of care incumbent upon the city authorities to properly construct and keep the bridge in repair, and upon the issue of contributory negligence on the part of McAllister in driving upon the bridge in a gait faster than a walk, was correct and sufficiently full, and there was no error in the court's refusing to give the special instructions on these issues asked by appellants. City of Marshall v. McAllister, supra.

We think there was no error in the court refusing the special charge requested, which related to McAllister being guilty of contributory negligence in driving an unruly team, as there is no evidence showing that the injury was occasioned by the team being unruly.

The fifth assignment of error is: "The court erred in refusing to permit J. A. Fraley to state where travelers were expected to cross the bridge in question, and in refusing to permit said Fraley to state that the bridge was in good condition on Saturday preceding the accident when he examined it."

The bill of exception referred to in the statement under this assignment of error shows that Fraley was permitted to state the condition of the bridge, and no complaint is made in the bill that he was not permitted to so state. The other evidence offered as to "where travelers were expected to cross the bridge" was merely the opinion of the witness. The evidence adduced was of such a nature that the jury could as well form an opinion upon that question as the witness, and the admission of the opinion of the witness would have been improper.

It is contended that the evidence is insufficient to support the verdict and judgment. The evidence shows that the city of Marshall was duly incorporated. Over a ravine running across one of the streets in said city a bridge had been constructed which was out of repair, in that the end of one of the stringers on which the floor of the bridge rested was protruding about three feet and crooked up at the end some three or four inches. McAllister was driving along said street in a two-horse buggy, and when attempting to drive upon and over said bridge the said stringer caught in the wheel of the buggy, causing a sudden stop, which threw him out of the buggy to the ground, severely injuring him. This frightened the horses and caused them to break from the buggy and run away. When the wheel got caught, the horses were going in a slow trot. The bridge had been out of repair for some time, which was known to the city, and the city was negligent in not having same repaired. McAllister was not guilty of contributory negligence. The horses and buggy were the property of the Singer Manufacturing Company, but had been furnished McAllister for use in its business, he being

their agent, and McAllister was to be responsible for any and all damages thereto. The evidence supports the finding of the jury as to the extent of the injuries both to the property and person.

We are of the opinion that the evidence is sufficient to support the judgment, and it is affirmed.

*Affirmed.*