MAYER et al. v. ERTHEILER et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

ABATEMENT AND REVIVAL (§ 55*)—DEATH OF PARTY—SURVIVAL OF ACTIONS—INJURIES TO PROPERTY.

Under Decedent's Estate Law (Consol. Laws, 1909, c. 13) § 120, providing that for wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrongdoer, an action may after his death be maintained against his executors or administrators, the test of survivorship is whether there was an injury to the pecuniary interests of the plaintiff, and it is immaterial whether the wrongdoer profited by his wrong.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 271; Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by Gerson Mayer and another against James Ertheiler. On motion, the action was revived and continued against Bella Ertheiler and Alexander M. Bing, as executors of defendant, James Ertheiler, deceased, and the executors appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

M. Y. Stroock, for appellants.
Carl S. Stern, for respondents.

MILLER, J.   This is an action for fraud and deceit. It is alleged that the appellants' testator, a tobacco broker, induced the plaintiffs to sell a quantity of tobacco by falsely representing that the vendees were financially responsible..

Section 120 of the decedent's estate law, which was practically a re-enactment of 2 R. S. p. 447, §§ 1, 2, provides as follows:

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death by his executors or administrators against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries as such action is defined in section 3343 of the Code of Civil Procedure; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

That section seems too plain for construction. But a doubt seems to have been raised by a dictum of Judge Denio in Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551. A recovery by the plaintiff was sustained in that case, and although Judge Denio said that the cause of action was not assignable, he did not refer to the said provision of the Revised Statutes. In Haight v. Hayt, 19 N. Y. 464, that provision was before the court, and Judge Denio in his concurring opinion pointed out that the test of survivorship prescribed by the statute was whether the wrong was done "to property, rights and interests" of the plaintiffs. The appellants assert that the cause of action does not survive against the personal representatives of the wrongdoer, unless the latter profited by the wrong; but that contention is supported only by a dictum in Moore v. McKinstry, 37 Hun, 194, in which a recovery was sustained, the case being distinguished from Zabriskie v. Smith on that point. Zabriskie v. Smith, was cited in Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25, but that was an action for personal injuries. It has been squarely decided by this court, in this and the Second Department, that the test of survivorship is whether the injury is to pecuniary interests, and that it is immaterial whether the wrongdoer profited by the wrong. Keeler v. Dunham, 114 App. Div. 94, 99 N. Y. Supp. 669; Seventeenth Ward Bank v. Webster, 67 App. Div. 228, 73 N. Y. Supp. 648.

The order should be affirmed, with $10 costs and disbursements. All concur.