GERMAN–AMERICAN COFFEE CO. v. JOHNSTON. (No. 7341.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. ABATEMENT AND REVIVAL ☞53—ACTION SURVIVING.
    A cause of action for breach of contract survives defendant's death.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 251, 252; Dec. Dig. ☞53.]

2. ABATEMENT AND REVIVAL ☞55—ACTION SURVIVING.
    Decedent Estate Law (Consol. Laws, c. 13) § 120, declares that a right of action for wrongs done to the property, rights, or interests of another shall survive against the executor and administrator of the wrongdoer. The laws of both New York (Consol. Laws, c. 59, §§ 28, 70) and New Jersey (2 Comp. St. 1910, p. 1617, § 30), in which the corporation was located, permitted a recovery for the amount of loss sustained by the illegal declaration of a dividend. Held that, if an illegal declaration of a dividend be treated as a tort, a right of action against a wrongdoer survives.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 255–260, 267, 271–278, 282, 285, 292, 293; Dec. Dig. ☞55.]

3. ABATEMENT AND REVIVAL ☞73—ORDER OF REVIVAL.
    Under Code Civ. Proc. §§ 757, 1836a, declaring that on death of a sole defendant, if the action survives, the court must allow it to be continued against his representatives, and that an executor appointed in a foreign state may be sued in the state court in his capacity of executor, an action which survives may be revived against the executor of a nonresident defendant.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 403–411, 417–428; Dec. Dig. ☞75.]

4. ABATEMENT AND REVIVAL ☞75—PROCEEDINGS TO REVIVE—SERVICE—PERSONAL JUDGMENT.
    Under Code Civ. Proc. § 707, providing that, where a nonresident defendant was served without the state or by publication, judgment can be enforced only as against property which has been levied upon within the state, and section 1217, authorizing attachment, an action without attachment against a nonresident defendant should not be revived against his foreign administrators by ordering service of supplemental summons by publication or personally without the state, for the court will have no jurisdiction to render personal judgment against them; the judgment being binding only as to property within the state which is attached.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 441, 445–465, 467–482; Dec. Dig. ☞75.]

Appeal from Special Term, New York County.

Action by the German-American Coffee Company against William F. Johnston. From an order continuing an action against nonresident

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

administrators, and directing service of a supplemental summons on them by publication or personally without the state, the administrators appeal.   Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William Ferguson, of New York City, for appellant.

Edward S. Paine, for respondent.

McLAUGHLIN, J.   Action to recover damages for the alleged illegal declaration of dividends of a New Jersey corporation, contrary to sections 28 and 70 of the New York, and section 30 of the New Jersey Stock Corporation Law.   The defendant, a resident of the state of Iowa, was personally served with a copy of the summons in this state, and appeared in the action.   He interposed a demurrer to the complaint, but died before the issue raised thereby was decided.   After his death the plaintiff moved, by an order to show cause, which was personally served upon Johnston's administrators without the state, that the action be continued against them, and that a supplemental summons be served upon them by publication or personally without the state.   Upon the return of the order the administrators appeared specially for the purpose of objecting to the jurisdiction of the court.   The motion was granted, and they appeal.

Two questions are presented by the appeal: (1) Whether the cause of action survives; and (2) if so, whether a supplemental summons can be served in the manner directed.   The action, as stated, is to recover damages for illegal declaration of dividends contrary to the statutes of the states of New York and New Jersey.

[1, 2] I am of the opinion that the cause of action survives.   Section 120 of the Decedent Estate Law provides that:

"For wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts."

I have been unable to find any authority in this state which definitely settles whether an action of this character is, in its nature, contractual or in tort.   But it is unnecessary to determine that question, because in either case the cause of action survives.   That a cause of action for the breach of a contract, whether express or implied, survives the death of the defendant, is so thoroughly settled that the citation of authorities is unnecessary.   But see Holsman v. St. John, 90 N. Y. 461.

If the illegal declaration of a dividend be considered in the nature of a tort, then the liability comes within the clear meaning of the section of the Decedent Estate Law above quoted, and the action survives. This must follow, because the illegal declaration of a dividend is a "wrong done to the property, rights, or interests of another," within the meaning of the statute.   This is recognized by the fact that both the New York and New Jersey statutes permit a recovery for the amount of the loss sustained.   Section 28, New York Stock Corporation Law; section 30, New Jersey Stock Corporation Law.

In Mayer v. Ertheiler, 144 App. Div. 158, 128 N. Y. Supp. 807, this court held that a cause of action for fraud and deceit survived. Justice Miller, who delivered the opinion, referring to the section of the Decedent Estate Law above referred to, said:

"That section seems too plain for construction. * * * It has been squarely decided by this court, in this and the Second department, that the test of survivorship is whether the injury is to pecuniary interests, and that it is immaterial whether the wrongdoer profited by the wrong."

[3] The cause of action having survived the death of the defendant, the plaintiff had a clear legal right to have the action continued against his administrators. Sections 757 and 1836a, Code of Civil Procedure. The former section provides that in the case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court *must,* upon motion, allow or compel the action to be continued by or against his representatives or successors in interest. The latter section provides that an executor or administrator duly appointed in any other state may sue or be sued in any court in this state in his capacity of executor or administrator in like manner and under like restrictions as a nonresident may sue or be sued. See Provost v. International Giant Safety Coaster Co., 152 App. Div. 83, 136 N. Y. Supp. 654, affirmed on opinion of Appellate Division, 208 N. Y. 635, 102 N. E. 1112.

If the foregoing views be correct, then it follows that so much of the order as continued the action against defendant's administrators is right and should be affirmed.

[4] But I am of the opinion that the order, in so far as it directs the service of a supplemental summons by publication, or at the option of the plaintiff personally without the state, is erroneous. I have been unable to find any authority which permits service to be thus made, or which would authorize the court, in case of the nonappearance in the action of the administrators, to enter a personal judgment against them. The defendant, at the time of his death, had no property in the state of New York. His administrators have no property in such state, and the court would not be authorized to render a personal judgment against them. The rule is well settled that to entitle a plaintiff to an order directing the service of a summons by publication, where a money judgment is demanded, there must be property within the state, and unless there is the court does not obtain jurisdiction to render a personal judgment. Sections 707, 1217, Code of Civil Procedure; Haase v. Michigan Steel Boat Co., 148 App. Div. 299, 132 N. Y. Supp. 1046. An action brought against a nonresident, where substituted service is made, is in the nature of an action in rem. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Haase v. Michigan Steel Boat Co., supra; Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463. If there be no res within the state, there is nothing upon which the court can exercise its jurisdiction. Indeed, a judgment cannot be entered unless there is property here. Jurisdiction to enter a personal judgment cannot be obtained by substituted service. This was recognized by this court in Logan v. Greenwich Trust Co., 144 App. Div. 372, 129 N. Y. Supp. 577, affirmed on opinion of Appellate Division, 203 N. Y. 611, 96 N. E. 1120. There an action was commenced against a nonresident and

property attached. The nonresident then died, and the court held that the lien acquired by attachment against his property continued, and that an order substituting a foreign administrator was proper, because of the lien which had been thereby obtained. But Mr. Justice Ingraham, who delivered the opinion of the court, took occasion to point out that, if the administrators did not appear in the action, the only relief which could be obtained would be against the property attached. He said:

"No obligation exists upon the defendant to appear, and the only result could be that the plaintiff's lien, acquired by virtue of the levy under the warrant of attachment, would be enforced."

See, also, Brown v. Fletcher's Estate, 146 Mich. 401, 109 N. W. 686, 15 L. R. A. (N. S.) 632, 123 Am. St. Rep. 233, affirmed 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966.

The order appealed from, therefore, should be modified, by striking therefrom the provision permitting the service of the supplemental summons by publication, or, at the option of the plaintiff, personally without the state, and, as thus modified, affirmed, with $10 costs and disbursements to the appellant. All concur.

