GERMAN AMERICAN ·COFFEE CO. v. JOHNSTON. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by the German American Coffee Company against Wm. F. Johnston. No opinion. Motion granted. Questions certified. Order filed. See, also, 153 N. Y. Supp. 866.

GIBBS, Respondent, v. ARRAS BROS., Inc., Appellant. (Supreme Court, Apellate Division, First Department. July 9, 1915.) Action by Benjamin D. Gibbs against the Arras Brothers, Incorporated. T. J. McManus, of New York City, for appellant. S. Schwartzberg, of New York City,· for respondent. No opinion. Determination affirmed, with costs. Order filed. See, also, 152 N. Y. Supp. 1113.

GIBBS, Appellant v. CONROY BROS. et al., Respondents. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by Patrick W. Gibbs against the Conroy Brothers, impleaded with others. E. J. McCrossin, of New York City, for appellant. E. F. Lindsay, of New York City, for respondents. No opinion. Order affirmed with costs. Order filed.

GIDEON et al., Respondents, v. HINDS, NOBLE & ELDREDGE et al., Appellants.· (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by George D. Gideon and others against Hinds, Noble & Eldredge, impleaded with others. E. F. Clark, of New York City, for appellants. F. T. Kelsey, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

GILL, Respondent, v. LIEBERMAN, Appellant. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by Harris Gill against David Lieberman. No opinion. Judgment and order of the County Court of Kings County affirmed, with costs.

GINSBERG v. TRIANGLE WAIST CO. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by Henrietta Ginsberg, an infant, etc., against the Triangle Waist Company. No opinion. Motion granted. Settle order on notice. See, also, 152 N. Y. Supp. 1113.

GINSBERG v. TRIANGLE WAIST CO. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by Isidor Ginsberg against the Triangle Waist Company. No opinion. Motion granted. Settle order on notice. See, also,·151 N. Y. Supp. 1118.

GLANTZ, Appellant, v. BREGSTEIN et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by Jacob Glantz against Henry Bregstein and others.

PER CURIAM. As the plaintiff did not plead absence of light in the hallway as a ·ground of negligence, and specified in particular other grounds, he was not entitled to have that question submitted to the jury on the question of the liability of the defendants. ·We think, however, that the judgment and order should be reversed and·a new trial granted because of error in the·charge at folio 419, and on the further ground that the verdict was against the weight of evidence. Judgment and order reversed, and new trial granted, costs to abide the event, upon the grounds above stated.

GLOBE WOOLEN CO., Appellant, v. UTICA GAS & ELECTRIC CO., Respondent. (Supreme Court, Appellate Division, Third Department. September 21, 1915.) Action by the Globe Woolen Company against the Utica Gas & Electric Company.

PER CURIAM. Judgment modified so as to provide that ·the cancellation of ·the ·contracts in suit shall be only on condition that the defendant pay to .the plaintiff $21,601.48, being the amount paid by plaintiff for installation of electrical equipment, with interest from September 14, 1911, and the costs of this action. Upon making·such payments the defendant shall have 'the right to remove' such equipment so far as removal can be had without materially interfering with plaintiff's business or material injury to its property; if any injury to the property be caused by such removal, the defendant shall compensate the plaintiff therefor. The clutch system and improvements placed in the mills, other than as part of the original electrical equipment above specified, by the defendant, shall remain there and shall be the property of the plaintiff, except such parts thereof as are connected ·with and used solely with the electrical equipment or appliances and the· removal of which will not interfere with the operation of the mills by steam, which defendant may remove. All claims of the defendant against the plaintiff for electricity furnished for power purposes, prior to September 14, 1911, and all claims of the plaintiff against the defendant for coal furnished and for supplies other than coal, amounting to $2,015.72, and upon the guarantee of a saving of $300 a month as to each mill, and all other claims by either party against the other arising out of or under said contracts, prior to September 14, 1911, shall be deemed canceled. Within 30 days after the entry of this judgment, taxation of costs, and notices thereof, the defendant shall notify the plaintiff whether it elects to accept the conditions under which these contracts are canceled, and shall make tender of the payments heretofore named. In case of the failure to so elect and make such tender, the contracts shall be deemed valid and binding, and the plaintiff may apply to the court for the assessment of damages as for a contract broken, which damages and costs it shall then be entitled to. After the payments are made, unless the parties shall agree as to the time, place, and manner of the removal of the fixtures and the articles to be removed, and the restoration of the building as herein provided, the same shall be· done at defendant's expense under and pursuant to the directions of a referee to be appointed by the special term.· As thus modified the judgment is ·affirmed without costs. The court bases this decision upon its finding