WILLIAMS v. HARRIS. (No. 1758.)

(Court of Civil Appeals of Texas. Texarkana. March 1, 1917. Rehearing Denied March 22. 1917.)

1. VENUE ⊜⟶10—CHANGE—NONRESIDENT EXECUTOR SUBSTITUTED AS DEFENDANT.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 6, requiring suits against personal representatives to be brought in the county of administration, does not require a suit instituted against a deceased to be transferred to the county of administration after his personal representative is substituted as defendant pursuant to article 1888..

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 19.]

2. ABATEMENT AND REVIVAL ⊜⟶52—OBTAINING PROPERTY BY FRAUD.

An action for obtaining property by fraudulent representations is not abated by the defendant's death.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 248–254.]

3. DAMAGES ⊜⟶69—INTEREST—FRAUDULENTLY ACQUIRING PROPERTY.

In a damage action for acquiring property by fraudulent representations, interest is allowable as an element of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140.]

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Action by D. J. Harris against W. N. Williams, executor. Judgment for plaintiff, and defendant appeals. Affirmed.

Louisa J. Harris, aunt of appellee, died intestate in Hopkins county, Tex., on March 26, 1913. The deceased, a feme sole, left an estate amounting to about $35,000, consisting of land, money, notes, accounts, and live stock. The larger part of the estate was 797½ acres of land of the value of $25,000, and cash on deposit in several banks in the sum of $6,734. Thomas A. St. Clair transacted all the business and affairs of Louisa J. Harris during her lifetime, signed her name to her checks, and was conversant with the nature, character, and value of the property and estate of Louisa J. Harris at the time of her death. Appellee, who lived in Oklahoma, was an heir of Louisa J. Harris and entitled to a one-twelfth inheritable interest in the estate; and on April 4, 1913, he made conveyance of his entire inheritable interest in the estate to Thomas A. St. Clair for the sum of $800. The action is by appellee to recover damages, claiming that Thomas A. St. Clair wrongfully acquired his inheritable interest in the specific property for greatly less than its value by reason of fraud and deceit. The case was tried before a jury and a verdict was rendered in favor of appellee upon all issues of fact and for the sum of $1,906.

There is evidence to support the findings that Thomas A. St. Clair, through his agent Willie Williams, represented and stated to the plaintiff, who was in Oklahoma, that the entire estate of Louisa J. Harris consisted of 800 acres of land of the value of $8,000, money and notes together of the value of $1,000, cattle of the value of $240, mules of the value of $300, and horses of the value of $300; that the entire estate of Louisa J. Harris would not exceed $10,000 in value; and that the interest and share of the plaintiff in the estate would not exceed $800. The plaintiff had no knowledge of the nature, extent, or value of the estate, but Thomas A. St. Clair and his agent Willie Williams did have such knowledge; and plaintiff, acting upon the representations so made of the nature, extent, and value of the estate, executed the conveyance to Thomas A. St. Clair of his entire interest in the estate for the sum of $800. There is involved in the verdict of the jury, which has evidence to support it, that the representations and statements made to the plaintiff were untrue and false and were made for the purpose of misleading and inducing the plaintiff to act thereon and to sell and transfer his interest in the estate to the said Thomas A. St. Clair.

D. Thornton, of Sulphur Springs, and R. T. Wilkinson, of Mt. Vernon, for appellant. R. B. Keasler, of Sulphur Springs, O. B. Riegel, of Snyder, Okl., J. A. Lenertz, of Lawton, Okl., and R. H. Towne, of Snyder, Okl., for appellee.

LEVY, J. (after stating the facts as above). [1] The appellee filed his original petition in the district court of Hopkins county on August 12, 1914, to recover of the defendant, Thomas A. St. Clair, damages for wrongful acquisition of specific property by reason of fraud and deceit. The defendant, St. Clair, resided in Hopkins county, Tex., and made answer to the suit. The defendant, St. Clair, died April 1, 1916, before trial of the suit, leaving a will. The will named W. N. Williams as executor and was probated by the county court of Franklin county, and the estate is now being administered in that county. On August 14, 1916, the plaintiff in the suit filed his amended petition, suggesting the death of the original defendant, Thomas A. St. Clair, and praying that scire facias issue to the executor, W. N. Williams, requiring him to appear and defend the suit. The executor, W. N. Williams, filed a plea setting up that the estate of Thomas A. St. Clair is being administered in the county court of Franklin county, and asked as a plea of privilege that the venue of the cause be changed to Franklin county. The court overruled the plea of privilege, and this ruling is made the basis of the first assignment of error. The suit was not an original suit against the executor so as to make applicable subdivision 6 of article 1830, Vernon's Sayles' Statutes. The suit was pending against the testator, Thomas A. St. Clair, as defendant at the time of his death, and the executor, Williams, was made a party sub-

stitute upon the death of the defendant, under article 1888, Vernon's Sayles' Statutes. The article just mentioned is designed to prevent the abatement of and to continue the suit already instituted, and it is thought controls the venue in this case. The assignment is therefore overruled.

[2] The appellant contends that the suit against the testator, St. Clair, abated by reason of his death, and the court erred in not so holding, because the cause of action was one purely for tort, which, by the common law, did not survive the death of the tort-feasor. It is believed that the court did not err in the ruling complained of, for the action is one for damages for the wrongful acquisition of specific property by reason of fraud and deceit. The personal actions which at common law die with the person are causes of action where the damages are personal in nature; as, for instance, anguish of mind, injury to character, deprivation of liberty, and bodily injury. Feary v. Hamilton, 140 Ind. 45, 39 N. E. 516; Gibbs v. Belcher, 30 Tex. 79; Railway Co. v. Goodman, 20 Tex. Civ. App. 109, 48 S. W. 778; Stebbins v. Palmer, 1 Pick. (Mass.) 71, 11 Am. Dec. 146; Watson v. Loop, 12 Tex. 11. But where the damages sustained affect property rights or interest therein, the right of action survives against the executor or administrator. 1 Corpus Juris, p. 185; 1 Cyc. p. 49; 1 R. C. L. p. 28; Railway Co. v. Smith, 35 Tex. Civ. App. 351, 80 S. W. 247. As stated in Re Payne's Appeal, 65 Conn. 407, 32 Atl. at p. 952, 33 L. R. A. 418, 48 Am. St. Rep. 215:

"The principle involved is: In the case of a tort directly resulting in the wrongful acquisition of property, the law imposes on the wrongdoer the duty of returning that property to the owner. This duty may be treated as a quasi contract, and the neglect to perform it may become a breach of such contract. In such case, the damage resulting from the tort is substantially the value of the property, and the damage resulting from the breach of contract is substantially measured in the same way; and so, for determining the question of survival, the substantial cause of action may properly be treated as founded in contract, although the form of action might sound in tort. But such principle cannot apply unless property is acquired."

The second and third assignments of error are therefore overruled.

It is thought that there is no reversible error in respect to the evidence complained of in the fourth, fifth, and seventh assignments of error, and they are overruled.

The court did not err in sustaining objection to the proof offered, as complained of in the eighth assignment of error. Railway Co. v. De Bord, 21 Tex. Civ. App. 691, 53 S. W. 593; Boon v. Weathered, 23 Tex. 686; Johnson v. Brown, 51 Tex. 65.

It is believed that the court's charge correctly and clearly applied the law to the facts, and that assignments of error Nos. 9, 10, 11, 12, 13, 15, 16, 18, 20, 21, and 23 should be overruled.

The court's main charge and the special charges given fully covered the case it is thought, and there is no reversible error in the refusal of special charges complained of in the fourteenth, seventeenth, nineteenth, twenty-fourth, twenty-fifth, and twenty-sixth assignments of error.

[3] Assignment of error No. 22 should be overruled, it is thought; for interest as an element of damages may be allowed in that character of cases. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

The evidence made an issue of fact for jury, and the court did not err in refusing to give a peremptory charge; and it is therefore concluded that assignment of error No. 27 should be overruled.

The judgment is affirmed.