BARCUS et al. v. J. I. CASE THRESHING MACH. CO. (No. 1468.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 29, 1919. Rehearing Denied Feb. 26, 1919.)

1. VENUE ⚖=19 — RETROACTIVE EFFECT OF STATUTE—VERIFICATION OF PLEADING.

Acts 35th Leg. c. 176, amending Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, to require plea of privilege to be controverted under oath and notice served on interested parties, being enacted after overruling of such a plea, and pending appeal, does not apply where, on remand, the court's attention is again called to the plea; nothing in such procedure statute indicating that its operation should be retroactive.

2. APPEAL AND ERROR ⚖=1195(1)—LAW OF THE CASE.

Holding, on appeal, that plea of privilege was properly overruled, is the law of the case on remand.

3. CONTINUANCE ⚖=16—ABSENCE OF EVIDENCE—DILIGENCE.

Because of want of diligence, there was no error in refusing a defendant postponement, on suppression, for various defects, including refusal to answer cross-interrogatories, of deposition of himself, the only witness on issue of payment, the case having at his request been set late in the term, deposition having been returned shortly before trial, and he in taking the deposition having been attorney for the other defendants.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by the J. I. Case Threshing Machine Company against G. W. Barcus and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

A. S. Rollins, of Houston, and G. W. Barcus, of Waco, for appellant.

Kimbrough, Underwood & Jackson, of Amarillo, for appellees.

HALL, J. Appellee sued J. C. Robinson, F. S. Young, A. S. Walker, and appellant Barcus to recover the amount of two notes, and to foreclose a mortgage lien upon certain property. The case has been tried once before, resulting in a judgment for appellee, which was reversed and remanded by this court. Prior to the former trial Barcus filed his plea of privilege to be sued in McLennan county, and this plea was overruled. Upon appeal, we held (197 S. W. 479) that because it was shown that the property upon which the foreclosure of the lien was sought, was situated in Deaf Smith county at the time the suit was instituted, under Vernon's Sayles' Civ. St., art. 1830, subd. 12, the district court of that county had jurisdiction. The case was tried the second time at the May term of the district court, 1918.

[1] Upon call of the case Barcus' plea of privilege was again called to the attention of the court and was overruled. This action of the court is made the basis of the first assignment of error. The provisions of article 1903, Vernon's Sayles' Civil Statutes, were complied with at the time the plea was originally filed and overruled. By Acts 1917, p. 388, this article was amended, and by the amendment it is required that a plea of privilege must be controverted under oath, and notice served on the parties interested. The rule with reference to the effect of the amendment of statutes governing

procedure is stated in Blakely v. Commercial Union Assurance Co., 160 S. W. 443, as follows:

"Where a new statute deals with procedure only, prima facie it applies to all actions, those which have accrued or are pending, and future actions. * * * But the steps already taken, the status of the case as to the court in which it was commenced. the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the new law intervened." Sutherland on Statutory Construction, § 482, from which the opinion quotes.

There is nothing in the amendment to article 1903 which indicates that its operation should be retrospective.

[2] For another reason this assignment must be overruled: As stated, in our former opinion, we held that the court properly overruled the plea of privilege because the location of the property upon which foreclosure was sought was shown to be in Deaf Smith county. The general rule is that the declaration by the appellate court of the rules of law which should govern in the controversy is binding upon the lower court upon a second trial when the facts are the same. It does not appear that the facts are now different from what they were upon the first appeal. Baldwin v. Davidson, 143 S. W. 716; City of Marshall v. McAllister, 22 Tex. Civ. App. 214, 54 S. W. 1068; 4 C. J. p. 1108, § 3089. And the rule has been extended where the question decided is one particularly of venue. Semple v. Anderson, 9 Ill. (4 Gilman) 546.

[3] The second assignment of error is predicated upon the court's action in overruling appellant's motion to postpone the trial. It appears that appellant is an attorney, residing in McLennan county, and upon the issue of payment he was the only witness, in his own behalf. He procured his deposition to be taken which was returned into court on the 3d day of June, and on the following day the entire deposition was quashed on motion of appellee. Whereupon the application for postponement was filed. A portion of the court's qualification of the bill of exceptions taken to this ruling is as follows:

"At the time the interrogatories were propounded to G. W. Barcus he was acting as his own attorney and as attorney for the other defendants. He propounded the direct interrogatories to himself, sent them by mail from Waco to counsel for the plaintiff at Amarillo, who crossed them and returned them by mail to Barcus, who selected his own notary, and went before him and had the depositions taken at Waco and returned. There was no certificate by the notary but a mere jurat, swearing Barcus to his answers, and this jurat was without any seal. The motion to suppress made objection to the separate questions and to the whole deposition upon the grounds, among others, that various questions were leading; that they called for conclusions and opinions of the witness; that the answers were not responsive; that the answers were voluntary statements; that the witness refused to answer some of the cross-interrogatories; that he failed and refused to attach the documentary evidence called for. And the motion to suppress the entire deposition was for failure to answer the cross-interrogatories, failure to attack documentary evidence called for by the cross-interrogatories because of lack of any certificate, and because of the lack of any seal to the notary's jurat. At the beginning of the term Barcus had written the court and counsel for plaintiff, asking to have the case set down late in the term, and this late setting had been granted and Barcus notified. At the time the motion for postponement or continuance was presented it was the expectation of the court to close the term during that week, and other causes were set, which it was thought would occupy the greater part, if not all of the week. but in fact the court did not adjourn until June 24th, but there were only two other cases to be tried."

The facts stated in this qualification must be taken as true, and, if so, they tend to show that the court did not err. The effect of sustaining this assignment would be to hold that an attorney could have his own deposition taken in a case to which he was a party in such a defective manner as to result in its suppression, and thus procure a continuance of his case. We do not mean to intimate that any such thing has been done designedly in this case, nor does appellee contend that the deposition was returned into court in its defective condition purposely, but we think it would be an unsafe rule for us to announce. We are not informed by the briefs of the parties when appellant instituted the proceeding to take his own deposition, but since it was returned into court shortly before the trial we think sufficient diligence has not been shown.

Neither of the assignments present error. and the judgment is affirmed.