### ALDRIDGE v. STOUT.

No. 12420.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 17, 1931.

Rehearing Denied Feb. 21, 1931.

Collins & Houston, of Dallas, for appellant.

Adams & Jones and W. D. Garnett, all of Gainesville, for appellee.

BUCK, J.

This suit was originally filed by W. R. Stout against S. J. Aldridge for damages to Stout's car, alleged to have been sustained in a collision between a truck driven by defendant's employee and a truck driven by plaintiff. Before the trial, defendant died, and his administratrix, who also was his widow, was made defendant, and represented the estate of the deceased defendant. Upon a trial before the court, judgment was rendered for plaintiff for $602.50; the judgment being rendered against the estate of S. J. Aldridge. From this judgment the defendant has appealed.

### Opinion.

The only question involved in this case is: Did any cause of action against the defendant survive the death of the defendant wrongdoer?

In 1 Corpus Juris, pp. 184 and 185, § 339 et seq., it is said:

"*Actions and Causes of Action ex Delicto* —a. In General—(1) At Common Law—(a) The General Rule. At common law, where a cause of action for injury to either the person or property of another was such that it could be enforced only by an action ex delicto for damages, in which the plea of the general issue must be not guilty, it did not, as a general rule, survive the death of the person to or by whom the wrong was done; and this is still the rule, so that such a cause of action, or a pending action thereon, abates on the death of either party, except in so far as the rule has been modified or abolished by statute." Under this text is cited Texas cases as follows: Gibbs v. Belcher, 30 Tex. 79; Watson v. Loop, 12 Tex. 11; Ellyson v. International, etc., Ry. Co., 33 Tex. Civ. App. 1, 75 S. W. 868.

"*Tort of Third Person.* The maxim, Actio personalis moritur cum persona, does not apply to a case where the tort out of which the cause of action grows is the tort of a third party and not of the party deceased.

".Sec. 340. (b) *Injury or Benefit to Estate.* Where, however, the estate of the injured person was diminished by the wrong, his personal representatives might in some cases, even at common law, recover for the injury. * * * But in order that a right of action arising out of a tort should survive against the executor or administrator of the tort-feasor, it was generally held essential that the latter should, by the wrongful act, have acquired specific property by which, or by the proceeds of which, the assets in the hands of his personal representatives were increased."

The courts of Texas and authorities seem to have construed the rule somewhat liberally. Judge Townes, in his work, Townes on

Torts, p. 264, says: "At common law, causes of action arising from violation of personal rights do not survive the death of either the wrong doer or the injured party. Liability for tort against property rights did survive. This is the rule at this time in the Federal Courts and in those states in which no statutes affecting the subject have been passed. The tendency of modern legislation is to prevent abatement of liability for personal wrongs and in many states they survive. In Texas all causes of action survive death of either or both, whether they be for violation of personal or property rights, except in the one case of liability for the damages recoverable by the injured party for injuries which subsequently result in death."

"The true line of demarcation at common law separating those causes of action which survive from those which do not, is that in the first the wrong complained of affects primarily and principally property and property rights, and the injuries to the person are merely incidental, while in the latter, the injury complained of is to the person and the property and rights of property affected are merely incidental. In the former case, the cause of action survives, while in the latter it abates." 1 Corpus Juris, vol. 1, p. 174.

In The Margaret B. Roper Case, 106 F. 740, the Circuit Court of Appeals held that a suit for collision, brought in behalf of the owners of a vessel and cargo by the master, is one in which the cause of action survives the death of the libelant; and, where he has given bond binding himself and his heirs and legal representatives to abide the judgment of the court, and pay the costs adjudged against him, on his death, pending an appeal, his administrator may be substituted in his stead.

In Texas & N. O. Ry. Co. v. Smith, 35 Tex. Civ. App. 351, 80 S. W. 247, 248, it was held that a cause of action for injury to real estate survived the owner's death and passed to his heirs. The defendant specially objected on the ground that such damage did not survive and descend to the heirs of deceased. The court said: "The general rule is that actions which may be assigned will also survive. It cannot be doubted that Mrs. Smith could have assigned her right of action for injury to her land, and the assignee could have maintained a suit thereon. Such being the case, we see no reason why the cause of action for such injury should not survive to her heirs. We are of opinion that, the injury being to the property of the decedent, the cause of action therefore became an asset of her estate and passed to her heirs."

In the case of City of Marshall v. McAllister (Tex. Civ. App.) 43 S. W. 1043, and also 22 Tex. Civ. App. 214, 54 S. W. 1068,

the plaintiff was injured and his buggy injured by falling through or off of a defective bridge. The court said that, the suit being for personal injuries and for injuries to property, the cause of action survived.

In Williams v. Harris, 193 S. W. 403, 404, the Texarkana Court of Civil Appeals, speaking through Justice Levy, writ of error refused, says: "The personal actions which at common law die with the person are causes of action where the damages are personal in nature; as for instance, anguish of mind, injury to character, deprivation of liberty, and bodily injury. [Citing cases.] But where the damages sustained affect property rights or interest therein, the right of action survives against the executor or administrator."

In Dowlin v. Boyd, 284 S. W. 636, 639, this court said: "Where the cause of action is a tort unconnected with contract, and which affects the person only, and not the estate, such as assault, libel, slander, and the like, there the rule 'Actio personalis moritur cum persona,' applies."

This case is also quoted in 291 S. W. 1095, 1098, and Justice Short, speaking for the Supreme Court, said: "Justice Buck, for the Court of Civil Appeals * * * in our opinion correctly says: 'That the true test is not so much as to the form of the cause of action as to the nature of the cause of action. Where the cause of action is a tort unconnected with contract, and which affects the person only and not the estate, such as assault, libel, slander, and the like, there the rule "actio personalis moritur cum persona," applies.' "

In Texas Jurisprudence, vol. 1, § 13, p. 31, under the subject of "Abatement and Survival," it is said: "And it is the rule in Texas that an action does not abate when the injuries complained of do not affect the person injured either physically, morally or mentally, but affect only his property (citing cases), provided the action does not seek exemplary damages for the tort, but simply the value of the property."

See, also, G. H. & S. A. Ry. v. Freeman, 57 Tex. 156; 1 R. C. L., under Abatement and Survival and special sections 11 and 18.

We conclude after a somewhat careful investigation, that the cause of action asserted by the plaintiff in this cause is merely one for injury to his personal property and involves only property rights and survives the death of the wrongdoer.

The judgment of the trial court is therefore in all things affirmed.

On Appellant's Motion for Rehearing.

The maxim, "actio personalis moritur cum persona," as stated in the citation from Corpus Juris, heretofore mentioned, does not

apply to a case where the tort out of which the cause of action grows is the tort of a third party and not of the party deceased. Under this announcement in Corpus Juris is cited the case of Dayton v. Lynes, 30 Conn. 351, where a sheriff was charged with the default of a deputy sheriff, and it was held that after the death of the sheriff an action was maintainable against the latter's administrator. It is probable that this holding is a modification of the rule of law applied in many cases where death has closed the mouth of one party to the transaction, and the law closes the mouth of the other party. The case of Mayer v. Ertheiler, 144 App. Div. 158, 128 N. Y. S. 807, holds: "The test of survivorship is whether there was an injury to the pecuniary interests of the plaintiff, and it is immaterial whether the wrongdoer profited by his wrong."

We conclude that we have correctly disposed of this case in the original opinion, and therefore that the motion for rehearing should be overruled, and it is accordingly so ordered.